IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>    Defendants.<br>_____/ | No. C 04-04981 WHA<br><br>**ORDER RESOLVING DISCOVERY DISPUTES AND GRANTING CONTINUANCE** |

Due to lack of preparedness, class counsel have now deluged the defense with voluminous discovery and site inspection demands in the waning days of the discovery period, currently scheduled to end on August 26, 2005. Plaintiffs' counsel seek an 11-week extension of the discovery deadline. Reluctantly, the Court must grant the request as follows:

1. The schedule is adjusted as follows:

    Non-expert discovery cutoff:        November 11, 2005

    Opening expert reports:             November 11, 2005

    Last day to file dispositive motions:  December 22, 2005

    Final pretrial conference:          January 30, 2006

    Trial:                              February 14, 2006

The case management order of February 28, 2005 otherwise remains in effect. (For example, follow-on expert reports are due as per the guidelines set forth therein.) Any motion for summary-judgment directed at whether a private right of action exists must be filed by September 8, 2005, to be heard on the 35-day track. All other summary-judgment motions may be filed on the schedule above. **PLEASE DO NOT ASK FOR MORE EXTENSIONS.**

2. Plaintiffs are entitled to conduct the site inspections listed in their July 13 notice. Defendants must write a letter to plaintiffs' counsel by August 19, 2005, stating when the sites will be available for inspection by plaintiffs' experts, but no earlier than August 25, 2005. All site inspections must be done by September 30, 2005. If plaintiffs' counsel or experts fail to appear at the noticed time for a particular site, they forfeit their right to inspect that site.

Defendants are entitled to have their own experts and counsel present. Should it turn out that the site inspections are unreasonably wasteful, the plaintiffs and/or plaintiffs' counsel will have to pay for unnecessary defense expenses, to be litigated at a subsequent time. Keep track of all expenses and time spent, in case sanctions are awarded.

3. The deposition dates objected to in Ms. Darsow's letter of August 2, 2005 are vacated. Defense counsel, however, are ordered to send a letter to plaintiffs' counsel by August 19, 2005, stating when each of the eighteen proposed deponents will be made available. None shall be scheduled earlier than August 25, 2005, but all must be done by September 30, 2005.

4. In view of the class status of this case, each side may take up to 25 depositions (total), subject to further enlargement only for good cause.

5. If counsel continue in their interminable disputes, the Court intends to appoint a special master, whose fees will be paid by the parties, to resolve future discovery issues.

**IT IS SO ORDERED.**

Dated: August 5, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE