IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>Defendants.<br>_____/ | No. C 04-04981 WHA<br><br>**ORDER RE TRIAL PLANNING** |

For trial planning purposes, the Court has been contemplating possible special verdict forms to provide the jury and also the appropriate extent to which the specific alleged architectural and programmatic barriers at issue should be described at the outset of trial, so the jurors will have a framework against which to take notes.

To assist the Court, class counsel shall submit by **DECEMBER 9, 2005 AT NOON** a complete list broken down by campus, building, sidewalk, parking lot (specifically calling out the exact places) and for each, list each physical barrier plaintiffs will attempt to prove at trial. The list would look something like this:

<u>Main Campus</u>

<u>Building A</u>

- First Floor Entry Doors Too Heavy (East End)
- Men's Bathroom Stall Too Narrow (Second Floor)
- ... and so on.

By **DECEMBER 16, 2005 AT NOON**, defense counsel shall respond and state which of the specific items admittedly constitute a physical barrier, *i.e.*, an architectural impediment that would, in the absence of programmatic cures, deny class members access to defendants' services, programs and/or activities under the ADA or § 504. Defense counsel shall further state whether, despite any such admission, they further contend there is a programmatic cure, and if so, very briefly describe the cure. For example, if there are no elevators in a two-story classroom facility, then there would be a denial of access to all courses taught in the upper floors unless a programmatic cure made sure that class members were offered the same courses elsewhere (or so this order presumes). In this example, the Court would expect counsel to stipulate to the existence of the physical barrier and limit the jury's inquiry to the adequacy of the cure. Defense counsel's list should repeat class counsel's list in the first column and add appropriate columns to state whether each physical barrier is admitted and what, if anything, is the programmatic cure.

If for some reason defense counsel contends that class counsel are barred from pursuing any particular barrier, for example, by reason of a Rule 26(a) violation, then counsel should make the appropriate objection in another column, but complete the chart with respect to those items anyway.

The Court contemplates advising the jury up front which issues are left to be decided with respect to the existence of physical barriers. Counsel must help the Court find ways to reduce the scope of the jury's work and to minimize jury confusion. This special verdict form will also aid the Court in framing an injunction should plaintiffs prevail.

The Court realizes that its use of the phrases "physical barrier" and "programmatic cure" may need tweaking but counsel can suggest the appropriate language. Please submit the

absolute minimum number of pages that will achieve the foregoing. Do not argue with this order. Do not submit voluminous declarations with thick exhibits.

By one week before trial, counsel are ordered to jointly prepare and lodge:

(i) a poster-sized (*i.e.*, 3 feet x 4 feet) map of San Francisco, color-coded to show the various campuses;

(ii) a poster-sized map of each campus with a colored dot superimposed on each physical barrier the jury will have to consider, using color-coding to indicate the nature of the problem — also indicate which compliant buildings, sidewalks and parking lots are used by defendants as a programmatic cure;

(iii) a set of agreed-upon 8x10 photographs of each alleged physical barrier (one per item), with the name of the building and the location of the items printed in the upper-right corner; and

(iv) a set of agreed-upon 8x10 photographs of each building, sidewalk or parking lot at issue, including those defendant alleges are ADA-compliant and are used in its programmatic cure (one photograph per building), with the name of the building and the campus printed in the upper-right corner.

The cost of these items shall be split 50-50 for now and treated as awardable costs. If counsel have any suggested revisions to the foregoing paragraph concerning the maps and photographs to be prepared for trial, please jointly submit a letter by **DECEMBER 2, 2005 AT NOON**.

**IT IS SO ORDERED.**

Dated: November 29, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE