United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College"), LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>Defendants. | No. C 04-04981 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL** |

On November 22, 2005, plaintiffs brought five motions to compel. Defendants filed oppositions to these motions on December 2, 2005. The Court rules on these motions as follows:

1. With respect to the June 2 order, defendants' construction of the order is correct and has been complied with.

2. With respect to the maps, it would be unreasonable to require the only copies in

1  existence to removed from the walls and copied.  Plaintiffs should have used a camera to copy
2  them in place during the inspections.  It is too late now.  Also, Requests 18 and 19 were so
3  overbroad and burdensome that this Court would not enforce them.

4      3.    With respect to Mr. Hopper, plaintiffs may depose him for three hours, exclusive
5  of breaks, provided he can be subpoenaed and deposed before December 16, 2005.  At the
6  conclusion of the three hours, defendant may have 30 minutes for follow-up examination.

7      4.    The depositions of Mr. Louser, Mr. Goldstein and the Rule 30(b)(6) witnesses
8  are now deemed concluded.  Plaintiffs had a fair shot.  No counsel is entitled to depose
9  witnesses to the nth degree.  A reasonable opportunity has been afforded already.  No further
10 deposition time will be allowed.

11     5.    With respect to Gary Jackson, leave to take his deposition is denied too little too
12 late.

        \* \* \*

14 The majority of plaintiffs' discovery grievances should have been raised much earlier.
15 Although it is true that these motions were brought after the discovery cutoff, they were (barely)
16 brought within the ten-day deadline following the cutoff.  That said, the time has come for
17 counsel to be preparing for trial in earnest and for discovery to come to an end.  It would be too
18 burdensome to allow the requested discovery run in parallel to trial preparation, except to the
19 limited extent above.

20 Finally, if it is true that Ms. Cherry exited her deposition as directed by defense counsel,
21 then there may be ramifications at trial when she testifies.  But the time for bringing discovery
22 motions has passed and the Court will not make any further discovery order pertaining thereto.

24 **IT IS SO ORDERED.**

26 Dated:  December 5, 2005

        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE