IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>Defendants.<br>_____/ | No. C 04-04981 WHA<br><br>**FURTHER ORDER RE DEFENSE RESPONSE TO LIST OF BARRIERS** |

To make sure there is no doubt as to what is required, defendants' response to plaintiffs list of barriers shall be organized as follows. Although plaintiffs' list is long, we are so far in the case now, defendants should be able to respond forthwith. As to each item, defendants shall provide the following admissions or denials.

1  Question # 1: As to each item on plaintiffs' list, defendants must first state whether they admit
2  the physical noncompliant condition claimed exists, *i.e.*, whether the actual condition complies
3  or not with ADAAG/UFAS on the assumption, solely for the sake of argument, that those
4  standards are applicable. State either "Admit" or "Deny." Any admission will be completely
5  without prejudice to any defense argument that ADAAG/UFAS do *not* apply to any item or
6  group of items and the jury will be so advised.

7  Question # 2: The second question to be answered is the issue reserved above, namely whether
8  defendants admit that either ADAAG or UFAS apply to the item. State "Admit" or "Deny."
9  An admission on this point will be without prejudice to the further issue whether any such
10 violation necessarily means strict liability, an issue that will be separately determined as a
11 question of law. If it makes a difference, defendants can admit only as to ADAAG and deny as
12 to UFAS (or vice versa).

13 Question # 3: The third question to be answered is whether defendants admit that the item
14 alone or in conjunction with other items would deny class members access to services,
15 programs and activities were it not for defendants' asserted programmatic cures. Any
16 admission here will be without prejudice to defendants' contention that programmatic cures do
17 in fact provide the required access by class members and the jury will be so advised.

18 Question # 4: The fourth question to be answered is whether defendants admit that the item
19 alone or in conjunction with other items denies access by class members even taking into
20 account defendants' programmatic cures. If this is denied defendants should state why the cure
21 is sufficient. These reasons can be briefly and separately stated in an appendix.

22      In short, the response to be provided by defendants will look like this, just taking limited
23 fictional responses:

|  | Question #1 | Question #2 | Question #3 | Question #4 |
|---|---|---|---|---|
| AIRPORT CAMPUS (ONE BLDG) |  |  |  |  |
| * * * |  |  |  |  |
| Computer Room |  |  |  |  |
| Door—does not have accessible operating hardware | Admit | Deny | Deny | Deny—see Reason 1 |
| Electrical Lab |  |  |  |  |
| Door—inside strike-side clearance does not meet 12" as required | Admit | Deny | Admit | Deny—see Reason 1 |
| —does not have accessible operating hardware | Admit | Admit | Admit | Deny—see Reason 2 |
| And so on . . . . |  |  |  |  |

Please do not "deny" for lack of information and belief. So much investigation and time have gone into this case that counsel should now be able to admit or deny as to each item and question. On the assumption that counsel will respond in good faith, this order extends the time for defendants' response to **DECEMBER 23 AT NOON**.

**IT IS SO ORDERED.**

Dated: December 13, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3