IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>Defendants. | No. C 04-04981 WHA<br><br>**ORDER DENYING MOTION TO CONTINUE TRIAL DATE** |

By a case management order dated February 28, 2005, a jury trial of this class action was set for January 9, 2006. On July 22, 2005, plaintiffs counsel requested an eleven-week extension of the discovery cutoff to take more discovery. This submission included a letter from defense counsel (dated July 19, 2005) stating that while defendants would not stipulate to extend the trial date, the defense "will abide by whatever the court orders." At no time during the pendency of the motion did defense counsel object to the continuance or bring to the Court's attention any potential conflict in trial dates that might arise were a continuance granted.

1    On August 5, 2005, a telephone hearing was held on the motion.  In the telephone hearing, the Court continued the trial date to February 14, 2005.  No alleged conflict was raised at that time.  A formal order captured the new schedule on the same day as the conference.

Weeks then passed.  On September 15, 2005, Mr. Louis A. Leone, part of the defense team, sent a letter stating that he would be in another trial starting February 6 for three months.  On the next day, the Court issued an order stating that the trial would proceed on schedule and would be continued only for good cause or on a proper motion, a letter not being a proper way to communicate with the Court (except for discovery disputes).  The order noted that the letter by itself did not establish good cause.  That was on September 16.

Months then passed.  No motion was filed.  On November 16, 2005, in an order relating to the pretrial conference and related matters, the Court reminded all counsel that the trial would commence February 14, 2006.  More weeks then passed.

On December 30, 2005, defense counsel filed a motion to continue the trial date.  Defense counsel set the motion for hearing only ten days before the trial date.  The asserted ground was that Mr. Leone would be the lead trial counsel and that he had a previously set trial for February 6 where he is to be "co-lead" trial counsel.  Given all counsel's need to know the schedule and to prepare accordingly, we cannot wait until ten days before trial to rule on the motion.  Having read it in full, the Court will consider it now, applying the standard set forth in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The defense motion to continue is denied for the following reasons:

*First*, counsel's statement that the defense was not consulted as to the new date is inaccurate.  Before or during the September hearing, the defense had a fair opportunity to propose new dates or raise potential conflicts and said only that the defense would "abide by whatever the court orders."  The Court is disappointed that counsel would claim it had been denied a hearing on the matter.

*Second*, the Court gave Mr. Leone an express invitation to file a timely and proper motion.  That was on September 16.  Instead, Mr. Leone dropped the issue until the last

business day of the year.  Meanwhile the Court's calendar (and presumably the remaining parties' calendar) were filled out in reliance on the February 14 date.

*Third*, while Mr. Leone claims to be lead trial counsel herein, the fact is that he has made precious few appearances in the action.  At least three other counsel, including Ms. Kathleen Darmagnac, have regularly appeared in the numerous hearings in this action and conducted the discovery herein.  In the Court's judgment, they are qualified to present the defense at trial.

It may be that "defendants will not authorize anyone other than Louis A. Leone to be the lead trial counsel in this matter," as now alleged.  That is not dispositive.  While accommodating a party's choice of lead trial counsel is important, it is equally important to maintain an orderly calendar and to set dates that can be relied upon for purposes of the rest of the Court's voluminous caseload.  No party has the right to engage in the pattern of dilatory conduct set forth above.  If the defendants had felt so keenly about their choice of lead trial counsel, then they should have been more diligent in moving for a continuance or, better still, raising the problem during or before the September telephone conference instead of advising that defendants "will abide by whatever the court orders."

The motion to continue the trial date is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 3, 2006

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3