United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,

    Defendants.

No. C 04-04981 WHA

**CASE MANAGEMENT ORDER RE TRIAL PREPARATION**

By **NOON ON JANUARY 19, 2006**, defendants shall file and serve a statement identifying each item on plaintiffs' alleged-violations list they admit constitutes a violation of Section 504 or Title II under the summary-judgment ruling herein. The Court recognizes that defendants have already responded in detail to the alleged-violations list. That, however, was done without the benefit of the Court's summary-judgment ruling. Now, that ruling is in hand, please isolate the particular items defendants admit fully constitute violations, so that partial summary judgment may be entered as to those items, subject to rights of appeal as to the summary-judgment rulings of law. Do not include any violation you deny, even in part; include

only those that you concede. Also by that date, please identify in the filing, by campus, each building or alteration that you admit is "new" and for each identify the ANSI, UFAS, or ADAAG standard you contend is the baseline standard.

By **JANUARY 27, 2006, AT NOON**, plaintiffs may submit revised expert report(s) but only to the extent necessary to include items of proof required by the summary-judgment order. Any attempt to supplement beyond this may result in striking the revisions altogether. The existing experts must be used.

By **FEBRUARY 3, 2006, AT NOON**, defendants may supplement their reports on the same points and may supplement as well to include any assertion, item-by-item, of equivalent facilitation. By **FEBRUARY 10, 2006, AT NOON**, plaintiffs may submit a further expert response thereto, limiting solely to equivalent facilitation. The existing experts must be used.

No further expert depositions will be permitted, the Court being of the view that the foregoing matters should have already been covered in the depositions. Please do not ask for any extensions.

\*         \*         \*

For the final pretrial conference, counsel should meet and confer regarding ways to simplify this action to focus on the most substantial issues. Please try to agree, for example, upon a range of acceptable tolerances. A deviation of one-quarter of an inch, even an inch, may well be found to be within tolerances, depending on the proof.

The Court urges plaintiffs to reduce their punch list so as to eliminate minor discrepancies. Also, please do not include items that simply involved a movable furniture temporarily having been in the way.

Regardless of whether this case is tried to a jury or to the Court, the trial will probably be bifurcated along the following lines, subject to counsel's input at the final pretrial conference.

Assuming a bench trial, we will try the "new" buildings first, starting with those admitted to be new. For each new building, we will hear all evidence from both sides on all entrance/exit doors first, plaintiff presenting first and then defendant. The issue will be whether

1  any variances exceed the tolerances and whether any claim of equivalent facilitation via a new
2  design or technology or other standard.  The Court will then rule as to the doors, probably on
3  the court reporter's transcript in open court.  We will then proceed to the hallways, bathrooms,
4  elevators, and so forth, one at a time, alternating plaintiff and defense cases as we go.  The
5  Court anticipates that once the acceptable tolerances are established, there will be substantial
6  agreement and the adjudications can move quickly.  Both sides will need to have their experts
7  (on the topics for the trial day) ready and present in the courtroom.

8      We will then adjudicate the dispute as to which further facilities are new versus existing.
9  As to the new ones, we will then proceed as above.

10     The "existing" facilities will be tried more conventionally since plaintiffs must also
11 prove the inadequacy of the ameliorative program cures.

12     For each building and each set of features, like the doors, the Court expects counsel to
13 agree on and provide a single-sheet scorecard that identifies the item ("main front entrance"),
14 the variance, and the tolerance, and perhaps other measurements and specifications.  This can
15 then by used by the Court to make notes as the witnesses testify.

16     If the case is tried to a jury, we will adjust the foregoing but will ask the jury for special
17 verdicts on a rolling basis after building-by-building evidence.

19 **IT IS SO ORDERED.**

21 Dated:  January 12, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3