United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>    Defendants.<br>_____ / | No. C 04-04981 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND PLACING CASE ON BENCH TRIAL CALENDAR** |

In this action brought under the Americans with Disabilities Act to improve access to the City College of San Francisco's programs and services, the immediate issue is whether plaintiffs' waiver of damages dispenses with the need for a jury trial notwithstanding the objections of the defendant.

**STATEMENT**

On November 23, 2004, plaintiffs commenced this action against City College of San

1 Francisco seeking declaratory and injunctive relief, in addition to compensatory damages. In
2 their answer defendants requested a trial by jury. A jury trial is scheduled for February 13,
3 2006. On January 10, 2006, however, plaintiffs filed a "notice" stating that plaintiffs waived
4 their damage claims. Defendants responded with a motion to strike the notice and to maintain
5 the action on the jury calendar.

**ANALYSIS**

As a preliminary matter, the notice by plaintiffs will be treated as a motion to amend the complaint to delete the damage request. This will place the matter in the proper procedural context. The scheduling order provided that any motion to amend must have been brought by March 4, 2005. Plaintiffs' motion is well after that deadline. As such plaintiffs must show good cause under Rule 16(b).

This order finds that good cause to amend exists. The trial of this case will prove to be a protracted and bone-crushing exercise. This is because there are 4,180 ADA and Section 504 alleged violations. In most cases the issue will turn on whether or not the measurements exceed the specified ADA Accessibility Guidelines for Buildings and Facilities measurements, taking into account tolerances. This will be an extremely difficult case for a jury to track evidence in even taking into account innovative methods the Court plans to use. Subjecting a jury to this prolix and excessively tedious exercise will be unnecessary if the claim for damages is deleted.

On the other hand, this Court recognizes prejudice to defendants. Defendants have been preparing as if this case were going to be tried by a jury. This prejudice can be remedied, however, by conditioning the amendment on having plaintiffs and/or plaintiffs' counsel pay all reasonably related attorney's fees related to these issues. For example, if defense counsel have presented the case to a mock jury, then the expenses so associated would be recoverable. An accompanying order will set a procedure to determine the amount of fees and expenses.

The amendment now having been permitted, Rule 39(a)(2) allows "the court upon motion or of its own initiative" to determine whether or not a right to a trial by jury exists "under the Constitution or statutes of the United States." This order now finds that there is no right to a jury trial, because only declaratory relief, injunctive relief, and attorney's fees remain,

2

1  all equitable issues. Therefore, this action should be tried to the Court.

2                    *                    *                    *

3  This order recognizes contrary authority as well as consistent authority with the above
4  reasoning. The Ninth Circuit has not yet ruled on the proper mode of analysis for the foregoing
5  problem. This order finds persuasive and has therefore followed the Fourth Circuit's approach
6  in *Francis v. Dietrick*, 682 F.2d 485 (4th Cir. 1982). On appeal from the district court, the
7  defendant in *Francis* alleged that the district court had failed to consider Rule 39(a) in granting
8  the plaintiff leave to amend and subsequently converting the trial from a jury to a bench trial.
9  In affirming, the Fourth Circuit stated that the plaintiff's "amended complaint brought the
10 action within the purview of [R]ule 39(a)(2), which . . . authorizes the court to proceed without
11 a jury when it finds that the right to a trial by jury does not exist for the issues presented by the
12 pleadings." *Id.* at 487. This is the approach followed by this order.

13 On the other hand, a different approach was taken in *Abbott v. Bragdon, D.M.D.,* 893 F.
14 Supp. 99 (D. Me. 1995). In *Abbott*, the plaintiff's original complaint included a request for
15 damages. After the defendant requested a jury trial, the plaintiff sought leave to amend to
16 delete the damage claim. In citing a series of admiralty cases, the court reasoned that Rule 39
17 must come before the Rule 16(b) or 15(a) analysis and "pursuant to [Rule] 39(a), Defendant's
18 refusal to consent to such an amendment bars Plaintiff's request." *Id.* at 101–02. This order
19 disagrees with the approach taken in *Abbott*. The threshold issue should be whether to allow
20 leave to amend. If leave to amend is granted, and the issues for which the right to a jury trial
21 existed are eliminated, Rule 39(a) then allows the case to be tried as a bench trial without a jury.

22 As indicated, a similar issue has arisen in admiralty-related actions. Illustrative is
23 *Diotima Shipping Corp. v. Chase, Leavitt & Co.*, 102 F.R.D. 532 (D. Me. 1984). In *Diotima* the
24 plaintiff alleged diversity jurisdiction and sought damages. The defendant properly demanded a
25 jury trial. After pretrial conference the plaintiff sought leave to amend its complaint to change
26 the basis of jurisdiction to admiralty. The plaintiff did not seek to change the nature of the
27 remedy sought. The court declined to allow the plaintiff leave to amend the basis for
28 jurisdiction. *Id.* at 535. Here, unlike in the admiralty cases, plaintiffs' amendment alters only

the nature of the remedy sought.  Withdrawal of the claim for damages leaves only equitable issues.  Jurisdiction is not affected.

## CONCLUSION

For these reasons, this motion is **GRANTED.**  The case will proceed as a bench trial. Plaintiffs and plaintiffs' counsel are jointly and severally liable for any reasonable fees and expenses incurred by defendants in reliance on the preparation for a jury trial.

**IT IS SO ORDERED.**

Dated:  January 31, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4