United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>    Defendants. | No. C 04-04981 WHA<br><br>**FINAL PRETRIAL ORDER** |

    A bench trial will commence on **FEBRUARY 13, 2006 AT 7:30 A.M.** It will last approximately three weeks, starting each day at **7:30 A.M.** and ending at **1:00 P.M.**, five days per week.

    The trial shall be bifurcated into four segments: (i) The six concededly "new" facilities and their compliance (or not) with ADAAG, (ii) The extent to which any other facilities are new and/or altered so as to be subject to ADAAG, (iii) As to those found subject to ADAAG in

segment (ii), their compliance (or not) with ADAAG, and (iv) Whether the "existing" facilities give rise to a program violation.

For the first segment, the order of proof shall be rearranged so that the Rosenberg Library is considered first and, more specifically, the following sub-issues as to the Rosenberg Library:

    (i)    all exterior doors
    (ii)    all interior doors
    (iii)    all ramps
    (iv)    all paths of travel
    (v)    all hallways
    (vi)    all restrooms
    (vii)    all water fountains
    (viii)    all telephones
    (ix)    all knee clearances (not included above)
    (x)    all reach ranges (not included above).

Opposing experts or fact witnesses will testify back-to-back with the Court making its findings as to compliance after each of the ten subcategories. If necessary, experts regarding field tolerances may testify but only insofar as their testimony directly bears on the sub-issue.

After the Rosenberg Library, we will proceed to the other five concededly "new" facilities and do the same sub-issues and order of proof. We will address those five buildings in the following order: the 500 Bungalows, the 600 bungalows, the 700 Bungalows (if necessary), the stadium press box and EOPS.

At the start of each trial day, please provide a one to three page set of proposed findings to be made that trial day.

With respect to segment four (concerning existing facilities), the trial will proceed in the conventional order of proof. Time limits will be set.

\*         \*         \*

Defense counsel must submit a final proposed order regarding defendants' admitted violations by no later than today, **JANUARY 31, 2006**.

The parties must submit joint proposed orders encapsulating the Court's rulings on the parties' motions *in limine* by no later than **FEBRUARY 8, 2006 AT NOON**.

2

1    Except for good cause, each party is limited to the witnesses and exhibits disclosed in
2 the joint proposed final pretrial order less any excluded or limited by an order *in limine*.
3 Materials or witnesses used solely for impeachment need not be disclosed and may be used,
4 subject to the rules of evidence.

5    The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial*
6 *Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov,
7 which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated:  January 31, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE