GUY B. WALLACE (CSB# 176151)
ELISA P. LAIRD (CSB# 225563)
**SCHNEIDER & WALLACE**
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
TTY: (415) 421-1655

JAMES C. STURDEVANT (CSB# 94551)
MARK T. JOHNSON (CSB# 76904)
**THE STURDEVANT LAW FIRM**
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, CA 94111
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Attorneys for Plaintiffs

LOUIS A. LEONE (CSB #099874)
KATHLEEN DARMAGNAC (CSB #150843)
**STUBBS & LEONE**
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
Telephone: (925) 974-8600
Facsimile: (925) 974-8601

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College"); et al.<br><br>Defendants. | Case No.: C04-4981 WHA<br><br>[PROPOSED] ORDER RE: PARTIES' MOTIONS IN LIMINE |

On January 30, 2006, these matters came before the court during the Final Pre-Trial Conference at 2:00 p.m. in Courtroom 9 of the above-entitled court, the Honorable William H. Alsup, Judge presiding. The court having read, reviewed and considered the moving papers relating to the parties' motions in limine orders as follows:

1) Plaintiffs' Motion in Limine No. 1 to exclude Defendants from raising any affirmative defenses not previously pled is DENIED as premature. With two exceptions, however, (1) the issues of equivalent facilitation and field tolerances are covered by the pleading and (2) Defendants must establish the predicate required by 28 CFR 35.150(a)(3) before pursuing the issue of undue burden as to any violation issue. Except for these two issues, Plaintiffs' motion is premature and therefore, denied without prejudice. Plaintiffs may raise this objection on a case by case basis at trial.

2) Plaintiffs' Motion in Limine No. 2 to exclude site inspection data and measurements not identified in the reports or depositions of Defendants' experts is DENIED. Experts will be limited to what is contained in their reports, including the January 2006 supplementation, and the Court expressly finds that Defendants are entitled to add measurements to their supplemental reports. However, the Court also finds that any information regarding alleged site constraints must be contained in the original expert reports. Fact witnesses are not bound by what is in the expert reports. Assuming they were properly disclosed and are not barred for other reasons, fact witnesses may testify about field measurements.

3) Plaintiffs' Motion in Limine No. 3 to prevent Defendants from argue technical or de minimus violations is GRANTED in part with respect to new construction, but DENIED with respect to existing facilities and remedies. There is no such defense as de minimus or technical with respect to new construction. If an item is outside of the requirement and the dimensional tolerance, even if only slightly, then it is a violation. With respect to existing facilities, however, ADAAG is only a guide. There are other possible guides too. Therefore, the Court can take into account the degree of the violation of ADAAG when determining whether an item is a barrier to access in existing

ORDER REGARDING PARTIES' MOTIONS IN LIMINE    2
Case No. C04-4981 WHA

facilities, or not. In regards to remedies, however, the court must consider a number of factors and engage in a cost-benefit analysis that would take into account, amongst other factors, the bottom-line impact on the disabled and the feasibility of the remedy. At this stage of the proceedings, the concept of de minimus will have some relevancy.

4) Plaintiffs' Motion in Limine No. 4 to exclude the OCR settlement is not addressed by this order. This issue was further addressed by the Court at a hearing held on Friday, February 3, 2006. The admissibility of the OCR settlement is governed by the Court's February 6, 2006 Order re: Motions in Limine re: OCR Settlement Letter.

5) Defendants' Motion in Limine No. 1 to exclude evidence of violations of Title II regulations, 28 CFR 35.105 and 28 CFR 35,150(d), and inadequacy of emergency plans, including the preclusion of Plaintiffs' plan expert Manny Muniz is GRANTED provisionally. In regards to new construction, Mr. Muniz's testimony regarding the importance of areas of rescue assistance and emergency plans is not relevant and he will not be allowed to testify. With respect to existing facilities, the Court will defer the issue of Mr. Muniz's ability to testify until Plaintiffs have made an offer of proof to demonstrate how Mr. Muniz's testimony will be relevant and admissible under Federal Rule of Evidence 403. Furthermore, Mr. Muniz may be able to testify at the remedial stage regarding the relative importance of areas of assistance to other types of violations.

6) Defendants' Motion in Limine No. 2 to exclude the testimony of Plaintiffs' expert, Dr. Benjamin Mandac is DENIED. The Court finds that his testimony may have relevance. Objections to Dr. Mandac's testimony will be handled on a question by question basis.

7) Defendants' Motion in Limine No. 3 to exclude Dr. Edward Steinfeld is DENIED without prejudice. Objections to Dr. Steinfeld's testimony will be handled on a question by question basis.

ORDER REGARDING PARTIES' MOTIONS IN LIMINE 3
Case No. C04-4981 WHA

      8)      Defendants' Motion in Limine No. 4 is to exclude Plaintiffs' experts, Peter Margen and Gary Waters, DENIED without prejudice.  Objections to Mr. Margen's and Mr. Waters' testimony will be handled on a question by question basis.

      9)      Defendants' Motion in Limine No. 5 to preclude Plaintiffs' experts, Jurgen Dostert, Barry Atwood, Gary Waters and Peter Margen from testifying that existing facilities violated disability standards, and/or about the scope of the area subject to such standards is GRANTED in part.  Experts are limited to what is contained in their reports.  Prior to testifying about whether an alleged barrier in an existing facility is in violation of Title II or Section 504, Plaintiffs must establish the predicate that the barrier is in an altered area within the meaning of the regulations.  Proof of this predicate can come from either properly disclosed expert testimony or evidence independent of the experts.

      In regards to unaltered existing facilities or buildings, ADAAG is a guideline, and therefore, a limited amount of testimony regarding whether the facilities comply with ADAAG may be relevant.  However, the Court is not going to allow testimony regarding every alleged ADAAG violation in existing facilities.

**IT IS SO ORDERED.**

Dated:  February __9__, 2006

_____
Honorable William H. Alsup
United States District Court Judge

Plaintiffs' form order is not approved.

ORDER REGARDING PARTIES' MOTIONS IN LIMINE    4
Case No. C04-4981 WHA