## NOTICE OF PROPOSED SETTLEMENT OF CLASS SUIT

TO: All students disabled by mobility impairments enrolled at the San Francisco Community College District, also known as City College of San Francisco, since November 23, 2001, and who seek access to its services, programs and/or activities.

## THIS NOTICE AFFECTS YOUR RIGHTS.
## PLEASE READ IT CAREFULLY.

A class action settlement, which must be approved by the Court, was reached in a lawsuit alleging that the San Francisco Community College District ("City College") has failed to provide full and equal access to students who have mobility disabilities. A copy of the proposed class Stipulated Judgment and Order is available for your review at www.schneiderwallace.com/CityCollegeJudgment.htm or at www.sturdevantlaw.com/Cases.php?Case=18. It can also be obtained at the office of the Clerk of the United States District Court in San Francisco, at the address listed below.

## SUMMARY OF THE PROPOSED STIPULATED JUDGMENT AND ORDER

- The settlement provides for extensive disability access construction work at many of City College's campuses and facilities.
- A total of 21 buildings will undergo numerous disability access improvements. Improvements also will be made to the exterior paths of travel and parking at the Ocean Avenue campus.
- City College will spend at least $7.5 million making access improvements to its campuses.
- Additionally, information regarding what classrooms are accessible will be made available to students prior to registration.
- Classes and other programs will be relocated to accessible locations.
- An Access Guide which shows the accessible paths of travel, parking, and classrooms on the campuses, and which describes disability access policies and procedures, including the process for making complaints, will be provided to all students with disabilities.
- Many other improvements are included in the agreement and are summarized below.

- This settlement does not require that City College make all of its facilities accessible.
- Class members (defined above) will not receive a monetary award as part of this Stipulated Judgment and Order, but your right to seek money damages has been preserved.
- If you plan to bring suit against City College for money damages, you must retain your own attorney.
- If this Stipulated Judgment is approved, class members will be bound by its terms and will not be able to assert any claim against City College for injunctive or declaratory relief with respect to physical access for persons with mobility disabilities under Title II of the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504") and similar California disability non-discrimination laws.

1

Please review this notice, which provides you with detailed information about the settlement of this class action. As a class member, you may do one of two things: (1) if the settlement is satisfactory, you may do nothing and be bound by the terms and conditions of the settlement; or (2) if you object to the settlement, you may submit written objections to the Court. You may also submit comments in favor of the settlement. If you wish to object or comment, write the Court Clerk at the following address:

> Clerk of the United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102-3483
> Specifying: *Cherry, et al. v. City College of San Francisco, et al.*
> C 04-4981 WHA

Objections or comments must be postmarked or, if not delivered by U.S. mail, file-stamped by the Court by no later than March 31, 2006. **Do not telephone the Court.**

A hearing before the Honorable William H. Alsup, United States District Judge, on the fairness of this settlement shall be held at the United States District Court, at the above address, on April 13, 2006, at 11:00 a.m., Courtroom 9. **As a class member, you have the right to attend and be heard at this hearing.** The settlement will not become binding on class members until it is finally approved by the Court.

Counsel for the plaintiffs are Schneider & Wallace and the Sturdevant Law Firm. Copies of the objections should also be mailed to counsel for the plaintiffs as follows:

> Elisa P. Laird, Esq.
> Schneider & Wallace
> 180 Montgomery Street, Suite 2000
> San Francisco, CA 94104

For more information about the settlement, you may contact Elisa Laird at the above address, by phone at 415-421-7100 (voice), by TDD at 415-421-1655, or by email at elaird@schneiderwallace.com.

### DETAILED SUMMARY OF THE PROPOSED STIPULATED JUDGMENT AND ORDER

The proposed Stipulated Judgment and Order sets forth terms that ensure that students who have mobility disabilities will have equal access to the programs, services and activities offered by City College. Among other provisions, under the terms of the proposed Stipulated Judgment And Order, City College will ensure that all of its programs, services and activities are offered at accessible locations.

City College maintains that although substantial structural access improvements may not be necessary in order to bring the existing facilities listed below into compliance with Title II of the

2

Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), City College has expressly agreed to make substantial structural access improvements to those existing facilities. City College will expend no less than a minimum of $7.5 million to implement the access work specified herein.

### *Disability Access Improvements to City College Facilities*

The proposed Stipulated Judgment and Order will require that City College make the following seven facilities on the Ocean Avenue campus fully compliant with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Building Code ("Title 24") for new construction by no later than the following specified dates:

- Rosenberg Library – April 1, 2007
- Bungalow 500 – April 1, 2008
- Bungalow 600 – April 1, 2008
- Bungalow 700 – April 1, 2008
- EOPS – April 1, 2007
- Stadium Press Box and Snack Bar – April 1, 2007
- Reservoir Parking Lot at Ocean Avenue Campus – December 31, 2007

City College shall not be obligated to make Bungalow 500, Bungalow 600 or Bungalow 700 accessible if those Bungalows are demolished, removed from the site or removed from use as classrooms by April 1, 2008.

At the following additional 16 facilities, including several of the satellite campuses, City College must perform work to make the following existing facilities accessible to persons with mobility disabilities:

- Downtown Campus
- Evans Campus
- John Adams Campus (two buildings)
- Cloud Hall
- Science Hall
- Ocean Avenue parking
- Batmale Hall
- Creative Arts
- Creative Arts Extension
- Visual Arts
- Horticulture
- College Bookstore
- Smith Hall
- Student Union
- Alemany Campus

That specific work, among other things, includes:

(1) an accessible path of travel from the boundary of the site to the designated accessible entrances;
(2) two accessible entrances to most buildings;
(3) an accessible elevator at multi-story facilities, unless it is technically infeasible to do so;
(4) accessible signage;
(5) all unique special purpose classrooms and facilities located at the buildings listed below that offer unique special purpose programs, services and activities must be accessible and provide the legally required number of accessible workstations, with the sole exception

3

that the existing observatory need not be made accessible because defendants shall include a new accessible observatory in their next facility construction bond or identify funds in such bond so make the existing observatory ADAAG compliant;
(6) no less than thirty percent of regular classrooms (including large lecture halls, meaning those which have existing seating in excess of 75), computer labs and basic science labs at that facility shall be accessible (computer and science labs shall provide the legally required number of accessible workstations), including providing accessible furniture in those classrooms, except that at John Adams campus Defendants shall provide seven accessible regular classrooms and any access improvements required by law based upon any other future alterations to the John Adams Campus;
(7) one set (one male and one female) of accessible restrooms shall be provided on any floor which contain accessible classrooms or spaces utilized to offer programs, services and/or activities to Class Members;
(8) accessible drinking fountains (if provided at the site) shall be provided on any floor that contains accessible classrooms or spaces utilized to offer programs, services and/or activities to Class Members; and
(9) accessible parking located adjacent to the designated accessible facilities shall be made compliant with ADAAG and/or Title 24 to the maximum extent feasible.

In addition, within the next two years, City College will implement a plan for making the outdoor paths of travel at the Ocean Avenue campus accessible. This work must be completed by April 1, 2008. Furthermore, City College must stop using the James Lick Middle School for its Castro-Valencia campus and find another, accessible, location by September 1, 2008, subject to an extension for good cause shown to the Court.

### *Reassignment of Programs, Services, and Activities to Accessible Locations*

City College will be required to analyze and evaluate the accessibility and usability of each of City College's programs, services and activities to individuals with mobility disabilities, and prepare a database and chart indicating where each of City College's programs, services and activities is available at a location accessible to Class Members. Such information shall be provided in an access guide (described more fully below). Upon learning that a Class Member has enrolled or signed up, or seeks to enroll or sign up, for a course, program, or activity that has been assigned to a classroom or facility that is not accessible, DSPS will promptly reassign the course, program, or activity to a location that is accessible. The DSPS shall continue to use its priority registration services for this purpose and the ADA Coordinator will also take a pro-active role in counseling Class Members on the locations of the accessible classrooms where courses and activities may be held. City College shall develop and implement, by no later than June 15, 2006, a comprehensive written policy and procedure for reassigning City College programs, services and activities, including but not limited to classes, to accessible spaces whenever necessary to provide access to Class Members. The specific elements of the written policies and procedures are contained within the Stipulated Judgment And Order and include an internet database that permits the user to look up each specific facility or classroom to determine its accessibility; a written reassignment procedure; and regular notification to class members that reassignment is available, along with the forms required to request such reassignment.

4

### *Maintenance of Disability Access Features*

The proposed Stipulated Judgment and Order requires City College to keep any existing disability access features in proper working condition. Among other things, the Stipulated Judgment and Order requires City College to maintain accessible restrooms, elevators, platform lifts, accessible doors and entrances, door closure mechanisms, automatic door openers, exterior pathways, accessible routes, signage at parking spaces, building signage, toilet accessories, grab bars, and accessible plumbing fixtures, including toilets, urinals, lavatories, sinks, faucets, showers, and drinking fountains. Each of these items shall be checked by City College on a regular schedule to ensure they are in compliance. Each item will be fixed within a specified time ranging from 5 hours to 10 business days, depending on the type of item.

### *Access Guide*

By no later than July 15, 2006, and every July 15 thereafter, City College will prepare an updated comprehensive, accurate and readily understandable Access Guide that includes, at a minimum, the following:

- A listing of all facilities and a description of the accessibility of those facilities including an accurate listing of the inaccessible spaces at each facility, as well as a general description of the access conditions at each facility;
- Location of accessible parking, accessible exterior paths of travel, accessible entrances to buildings or facilities and accessible transit stops;
- Location of accessible restrooms in the designated accessible facilities, water fountains, and telephones inside each building or facility;
- Policies and procedures concerning parking, emergency evacuation, and transportation systems;
- Procedures and forms for filing complaints with the ADA Coordinator regarding disability access;
- Identification of all hazardous paths of travel or other safety hazards for individuals with mobility disabilities; and
- Notification that classes and other programs, services and activities offered by City College will be relocated to accessible spaces upon request.

The access guide shall be mailed or delivered to all Class Members, and all incoming City College students with mobility disabilities. In addition, the access guide shall be posted on the City College web page, maintained at each facility, and shall be distributed at the offices of the DSPS. The access guide also shall be made available in necessary and appropriate alternative formats, large print, Braille and disk.

### *Safety and Evacuation Plans*

By December 31, 2006, City College shall prepare and implement effective written evacuation plans for its buildings. Such evacuation plans shall:

5

- Identify the primary and secondary routes useable by Class Members that will be used to evacuate Class Members.
- Identify the location of any emergency equipment to be used to evacuate Class Members.
- Identify an assembly area, useable by Class Members, to meet first responders.
- Identify an accessible and safe area of assembly useable by the Class Member to which the Class Member will be evacuated. Such area of assembly shall be at least 50 feet away from the building.
- Include a visual map showing the footprint of the building with the primary and secondary ADAAG compliant evacuation routes clearly marked for each floor used by the Class Member.

If not already in existence, City College shall also provide a visual emergency evacuation map that complies with OSHA guidelines on each floor of their facilities.

After a study conducted by safety expert Manny Muniz and paid for by City College, City College shall provide an appropriate emergency evacuation program for persons with mobility disabilities which makes use of evacuation chairs. City College shall train staff members each year in the use of specialized evacuation equipment or procedures used to evacuate Class Members. The training materials and procedures will be reviewed and approved by an expert proficient in the area of emergency evacuation of persons with mobility disabilities.

### *ADA Coordinator and Policies and Procedures*

City College shall at all times employ a full-time ADA Coordinator with appropriate qualifications and expertise whose responsibilities will include:

- Responsibility and authority to recommend that any of City College's programs, services and activities be relocated to an accessible location or within a facility to a location that has a higher level of accessibility for a particular Class Member.
- Responsibility and authority to receive and respond to inquiries and complaints concerning physical access barriers from Class Members who use City College facilities and programs.
- Responsibility to obtain and require collection of all information necessary to fulfill the obligations of this Stipulated Judgment, including disabled access-related complaints described in Section X of this Judgment.
- Responsibility to recommend the adoption or modification of City College policies and procedures to ensure that Class Members are provided access to each of the programs, services, and activities of City College.
- The ADA Coordinator shall be available to meet with Class Members in an accessible location.

City College will implement the following policies and procedures:

- Written policies and procedures ensuring that accessible work stations, accessible seating and other designated access features for use by persons with mobility disabilities will be reserved and/or made available upon request.

6

- Written policies and procedures concerning the maintenance of accessible paths of travel, including keeping pathways to and within classrooms clear for use by persons with mobility disabilities, and keeping such pathways clear for use of access features by persons with mobility disabilities.
- Written policies and procedures relating to the use and selection of parking spaces for students at City College who have mobility disabilities.
- Written policies and procedures concerning prompt retrieval and provision of books and other materials in City College's libraries that are not readily accessible and usable by persons with mobility disabilities.
- Written policies and procedures regarding the hours during which the automated doors at City College's accessible entrances shall be operational.
- Written policies and procedures concerning the provision of appropriate, comprehensive and understandable signage whenever construction work is in process, directing people with mobility disabilities to appropriate and accessible alternative routes.
- Plaintiffs' and City College's designated access experts shall meet and confer to determine any necessary interim physical or programmatic access measures that are necessary so as to provide access to the maximum extent feasible. The recommendation of the parties' experts shall be subject to the dispute resolution mechanism described below. The ADA Coordinator shall arrange for the prompt implementation of any other interim measures that may be necessary, pending completion of approved physical access structural barrier removal, to ensure that each of City College's programs, services and activities, respectively, are accessible to and usable by Class Members pending the completion of the access work required by the Stipulated Judgment.

### *Training, Orientation and Notifications*

By May 1, 2006, the District shall provide training and materials annually to campus deans, DSPS officials, faculty, other personnel, and all student Class Members who register with DSPS or are otherwise known to the District. Those various trainings will include information regarding the District's ADA and Section 504 grievance procedures, the rights of persons with disabilities, the services of the ADA Coordinator, issues pertaining to physical access and students with mobility disabilities and the services of the ADA Coordinator and the DSPS, a summary of the terms of this Stipulated Judgment and the names, addresses and telephone numbers of Class Counsel.

Materials for events taking place on City College campuses must include language that advises individuals with disabilities of the Access Guide and any other information necessary to enable an individual with a disability to participate in campus events. Any materials referenced in this section shall be made available in alternative formats, such as large print, Braille and disk, as appropriate. Additionally, the above training materials shall also be posted on the District website.

### *Non-Retaliation Clause*

City College is prohibited from retaliating in any way against any member of the Class. Class members including representatives, deponents and declarants shall suffer no adverse treatment

7

by Defendants, their agents and employees. In the event the Class Members, including class representatives, deponents or declarants claim that this paragraph has been violated they shall have the right to file a complaint pursuant to the dispute resolution process in this Stipulated Judgment.

### *Monitoring and Enforcement*

Complaints regarding access problems may be made using a complaint form to be agreed upon between the parties, a voice mail system provided by City College, or an e-mail address that can be used by Class Members to send complaints to the ADA Coordinator. The complaint form, voice mail system and e-mail system shall be made available in necessary and appropriate alternative formats, such as foreign languages, large print, Braille and disk.

City College shall report every six months in writing on the status of its compliance with the terms of this Stipulated Judgment and Order. The first report shall be due by no later September 1, 2006. City College shall submit a final report to Class Counsel within sixty (60) days of completion of all physical access barrier removal projects undertaken by Defendants pursuant to this Stipulated Judgment.

City College shall retain access expert Gary K. Waters to monitor and supervise their efforts to implement the disability access work described herein. Throughout the Compliance Period, Plaintiffs' expert(s) may conduct inspections of City College's facilities to monitor compliance with this Stipulated Judgment And Order. The first such inspection and report will take place by October 1, 2006. Subsequent inspections may take place quarterly.

### *Dispute Resolution*

In the case of any disputes arising out of or related to any alleged failure to perform in accordance with the terms of this Judgment, the party asserting a failure of performance shall notify the other party in writing. The parties shall meet to resolve the dispute. If the parties are unable to resolve the dispute through the meet and confer process, within 21 days the parties shall engage in non-binding mediation. Should such mediation fail to resolve the dispute, either party may file a motion with the Court to resolve the issue or issues specified in the meet and confer process.

### *Releases By The Class*

In return for the consideration provided for in this Stipulated Judgment, the adequacy of which is hereby acknowledged, on the date of Final Approval, all absent Class Members, both individually and as a Class, and Named Plaintiffs shall be deemed to release and shall have released Defendants and their trustees, officers, directors, employees, attorneys, agents and insurers, and their successors and assigns, ("Released Parties") from any and all claims for injunctive or declaratory relief that are the subject of, included within, and/or arise from this lawsuit, including all claims, liabilities, obligations, demands, actions, and claims under Title II of the ADA, Section 504, 42 U.S.C. §1983, California Civil Code Section 51 et seq. California Civil Code Section 54 et seq., California Government Code Section 11135 et seq., and California

8

Government Code Section 4450 et seq. and their accompanying regulations that were brought or could have been brought against the Released Parties for injunctive or declaratory relief relating to physical access barriers that allegedly deny program access at City College's facilities, programs, services and activities for students with mobility disabilities. Nothing in this Stipulated Judgment And Order shall release any claims for money damages.

Nothing in this Judgment shall release any future claims by individuals for reasonable accommodation under ADA Title II or Section 504 that do not relate to physical access barriers that limit or deny program access for students with mobility disabilities, or any claims under the Individuals with Disabilities Education Act that do not relate to physical access barriers that limit or deny program access for students with mobility disabilities.

### *Individual Damages and Releases by the Named Plaintiffs*

Defendants shall pay the sum of $30,000 to Plaintiff Estoria Cherry and the sum of $10,000 to Plaintiff Margie Cherry. In return for such consideration, the adequacy of which is hereby acknowledged, Estoria Cherry and Margie Cherry shall be deemed to release and shall have released Defendants and their trustees, officers, directors, employees, attorneys, agents and insurers, and their successors and assigns, ("Released Parties") from any and all claims for damages and for injunctive or declaratory relief that are the subject of, included within, and/or arise from this lawsuit.

The release of any claims under State law by the Class or the Named Plaintiffs herein, as described above, is contingent upon the filing of an amended Complaint in this action, by stipulation and with the approval of the Court, alleging California Civil Code Section 51, *et seq.*, California Civil Code Section 54, *et seq.*, California Government Code Section 11175, *et seq.*, and California Government Code Section 4450, *et seq.* state law claims and the waiver by City College of any 11th Amendment Immunity with respect to the claims stated in this case only. This waiver shall not be construed as a wavier of the 11th Amendment Immunity as to any other claim, complaint or lawsuit.

### *Reasonable Attorneys' Fees and Costs*

Plaintiffs are the prevailing parties with respect to the award of reasonable attorneys' fees and costs in this matter. City College shall pay to Plaintiffs' Counsel the sum of $1,660,000.00, representing costs and attorneys fees incurred in the prosecution of this case. The payment of fees and costs shall be made in two equal parts. The first payment in the sum of $830,000.00 shall be made on or before May 15, 2006. A second equal payment of $830,000.00 shall be paid on or before September 1, 2006. Any award of reasonable attorneys' fees and costs in this matter must be approved by the Court. You have the right to object to the fees using the process described on page one of this Notice. Any award of fees will be paid by the San Francisco Community College District, not by you or any other member of the class. Any award of reasonable attorneys' fees and costs in this case will not impact the disability access work and other injunctive relief that is required by the Stipulated Judgment and Order in this case.

9

### *Reasonable Attorneys' Fees and Costs Regarding Monitoring And Enforcement*

Plaintiffs shall be entitled to reasonable attorneys' fees and costs incurred in connection with the monitoring of this Judgment, subject to a cap of $20,000 per year for a maximum of four years. With respect to reasonable attorneys' fees and costs arising from a dispute between the parties pursuant to Section XII, Plaintiffs shall only recover reasonable attorneys' fees and costs in connection with such a dispute if they prevail with respect to the disputed issue. Recovery of such reasonable fees and costs with regard to disputed issues shall not be subject to the $20,000 cap stated above. With respect to such disputes, Defendants may dispute that Plaintiffs are the prevailing party and/or may dispute the reasonableness of any fees and costs claimed by Plaintiffs. Defendants shall be entitled to the recovery of reasonable attorneys fees and/or costs for any work performed in connection with this Stipulated Judgment or the enforcement thereof to the extent permitted by applicable federal law.

### *Continuing Jurisdiction of the United States District Court*

The Court shall maintain continuing jurisdiction over this lawsuit for the length of this Stipulated Judgment and Order for the purpose of overseeing and enforcing its terms.

### *Duration Of Stipulated Judgment*

This Stipulated Judgment shall be deemed effective on May 1, 2006. The Stipulated Judgment And Order shall continue to be effective and binding upon the parties for a period of four years after the Effective Date. Each year for the duration of this Stipulated Judgment, City College shall provide student class members with a written summary of this Stipulated Judgment, and a notice providing the names, telephone numbers and addresses of Class Counsel. The information required by this paragraph shall also be posted on the District's website. City College shall provide Class Counsel with the names, addresses and telephone numbers of student Class Members each year for the duration of this Stipulated Judgment.

**This notice is being sent to class members by Order of the United States District Court.**

Date: February 28, 2006

_____
Hon. William H. Alsup
United States District Judge

APPROVED
Judge William H. Alsup