1  Guy B. Wallace, State Bar No. 176151
   Elisa P. Laird, State Bar No. 225563
2  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
3  San Francisco, CA 94104
4  Telephone:   (415) 421-7100
   Facsimile:    (415) 421-7105
5
6  James C. Sturdevant, State Bar No. 94551
   Mark T. Johnson, State Bar No. 76904
7  THE STURDEVANT LAW FIRM
   475 Sansome Street, Suite 1750
8  San Francisco, CA 94111
   Telephone:   (415) 477-2410
9  Facsimile:    (415) 477-2420
10
   Attorneys for Plaintiffs
11
12 Louis A. Leone, State Bar No. 99874
   Kathleen L. Darmagnac, State Bar No. 150843
13 STUBBS & LEONE
   2175 North California Blvd, Suite 900
14 Walnut Creek, CA 94596
   Telephone: (925) 974-8600
15 Facsimile: (925) 974-8601
16
17 Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTORIA CHERRY, et al., | No. C 04-4981 WHA |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **AMENDED STIPULATED JUDGMENT AND ORDER** |
| THE CITY COLLEGE OF SAN FRANCISCO ("SFCCD" or "CITY COLLEGE"), et al., | |
| Defendants. | |

-1-

Stipulated Judgment and Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

## I.  RECITALS

1.     On November 23, 2004, Named Plaintiffs Estoria and Margie Cherry commenced a class action in the United States District Court for the Northern District of California, Case No. C-04-4981 WHA (the "Lawsuit"), against Defendants, alleging *inter alia,* discrimination in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504") and 42 U.S.C. § 1983 regarding physical access for persons with mobility disabilities in the facilities and programs of the San Francisco Community College District ("SFCCD" or "City College").  Defendants filed their Answer to the Complaint on February 7, 2005.

2.     Defendants are SFCCD and the members of the Board of Trustees of the San Francisco Community College District, in their official capacities, and the Chancellor of the San Francisco Community College District, in his official capacity as Chancellor (collectively, "Defendants").

3.     On June 15, 2005, the Court entered an Order certifying the following class ("the Class") for declaratory and injunctive relief only:

> All students disabled by mobility impairments enrolled at City College of San Francisco since November 23, 2001, and who seek access to its services, programs and/or activities.

Order (1) Granting-In-Part and Denying-In-Part Class Certification and (2) Denying Motion to Compel Production of Potential Class List.  Named Plaintiff Estoria Cherry was appointed class representative.  A non-student class was not certified by the Court. Ms. Margie Cherry, the other named Plaintiff, has only individual claims for relief.

4.     The lawsuit has been vigorously prosecuted and defended.  Trial in this case was scheduled to begin on February 13, 2006.

5.     With the exception of those violations that have been previously admitted by Defendants, SFCCD otherwise denies any and all liability to the Named Plaintiffs and to the Class Members, and denies that SFCCD has violated any laws, including without limitation, Title II of the ADA, Section 504 of the Rehabilitation Act and 42 U.S.C. § 1983, pertaining to access for persons with mobility disabilities.

## II.    DEFINITIONS

As used in this Stipulated Judgment and Order the following terms shall have the meaning ascribed to them in this Section and in the Recitals.  Except to the extent clearly required to the contrary by the context of its usage in this Stipulated Judgment, any term not expressly defined in this Section or elsewhere in this Stipulated Judgment that has an expressly defined meaning in either the ADA, Section 504, or the regulations promulgated thereunder (hereinafter the "regulations"), or the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") shall have the meaning ascribed to it by the ADA, Section 504, the regulations, or the ADAAG.  All other terms shall be interpreted according to their plain and ordinary meaning.

### A.    Access or Accessible

"Access" or "accessible," unless otherwise indicated, mean and refer to conditions that comply with the standards set forth in the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") or the 2001 version of Title 24 of the California Code of Regulations ("Title 24").  Access work performed pursuant to Stipulated Judgment shall be performed in compliance with the standards set forth in the Americans with Disabilities Act Accessibility Guidelines or Title 24 of the California Code of Regulations, whichever standard is the most stringent with regard to disability access requirements.

### B.    Class Counsel

"Class Counsel" means and refers to Schneider & Wallace and The Sturdevant Law Firm, including the attorneys therein.

### C.    Compliance Period

"Compliance Period" means and refers to the period from the effective date of this Stipulated Judgment until the termination of this Stipulated Judgment.

### D.    Dimensional Tolerances

For the purposes of this Stipulated Judgment and Order, in determining whether any work is required to bring any Designated Accessible Facility listed in Section III.A.2

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

below into compliance with ADAAG or Title 24, the following specifications, which already include dimensional tolerances, apply:

1. <u>Restrooms</u>

    a. <u>Grab Bars</u>: Grab bars shall be mounted so that the centerline of the bar shall be located between 33 inches and 36 inches from the floor.

    b. <u>Paper towel Dispensers</u>: The leading edge of the dispenser must be mounted no more than 41 inches above finished floor.

    c. <u>Soap Dispenser</u>: The highest operable part of the soap dispenser must be mounted no more than 41 inches above finished floor.

    d. <u>Sanitary Seat Covers</u>: The highest operable part of the sanitary seat cover dispenser must be mounted no more than 41 inches above finished floor.

    e. <u>Mirrors</u>: Must be mounted with the bottom edge of the reflecting surface no higher than 41 inches above the finished floor.

    f. <u>Other Dispensers</u>: Must be mounted no higher than 41 inches above the finished floor.

    g. <u>Coat hooks</u>: Must be mounted no more than 49 inches above the finished floor.

    h. <u>Toilet</u>: The centerline of the toilet must be between 17 ¼ and 18 ¼ inches from the wall. (representing a – ¾ inch and + ¼ inch tolerance beyond the ADAAG requirement 18 inches).

    i. <u>Toilet Paper Dispenser</u>: Must be mounted no less than 19 inches above the finished floor and no more than 36 inches from the back wall measured to the outside edge of the roll or dispenser.

    j. <u>Clear Space Stall</u>: Stalls with wall-mounted toilets shall have a minimum depth of 56 inches. Stalls with floor-mounted toilets may have a minimum depth of 59 inches. The minimum width shall be 59 inches.

    k. <u>Urinals</u>: Mounted so that the rim is no higher than 17 ½ inches above the finished floor.

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1        l.  <u>Sink</u>: The rim or counter surface can be no higher than 34 inches above

2           the finished floor.  A clearance of at least 28 ½ inches from finished

3           floor to the bottom of the apron shall be provided. There shall be a

4           minimum knee space clearance of 8 inches from the face of the sink,

5           measured at a height of no less than 27 inches from the finished floor.

6        m.  <u>Toilet Seat Height</u>:  17 –19 inches measured to the top of the toilet seat.

7     2.    <u>Doors</u>

8        a.  <u>Exterior Door pressure</u>: 8.5 lbs.

9        b.  <u>Interior Door Pressure</u>: 6 lbs.

10      c.  <u>Door Pressure for Required Fire doors</u>: 15 lbs.

11      d.  <u>Thresholds</u>: ¼ inch in height.

12      e.  <u>Clear Spaces</u>:  The clear spaces shown in Figure 25 of the ADAAG

13          may be 1 inch less than those shown in Figure 25.  The clear spaces

14          shown in Figures 11B-26A and 11-26B of Title 24 (2001 California

15          Building Code) may be 1 inch less than those shown in Figures 11B-

16          26A and 11-26B.

17      f.  <u>Clear Width of Door</u>:  Not less that 31 ¾ inches. (¼ inch off ADAAG

18          standard).

19      g.  <u>Strike Side Clearances</u>:  The strike side clearances shown in Figure 25(c)

20          of the ADAAG may be up to 1 inch less than those shown in Figure

21          25(c).  The strike side clearances shown in Figure 11-26B(c) of Title 24

22          (2001 California Building Code) may be up to 1 inch less than those

23          shown in Figure 11-26B(c).

24     3.    <u>Slopes</u>:

25        a.  <u>Cross Slopes</u>:  2.5% maximum permitted.

26        b.  <u>Parking Space Slopes</u>:  2.5% maximum permitted.

27

28

   c.  <u>Ramps</u>:  If existing is in excess of 9.3%, must correct to 8.3% with a tolerance of .2% (i.e. 8.5%), provided that a slope of 10% is permitted for up to 5 feet only in the lower 1/3 of the ramp.

   d.  <u>Walkways</u>: may be up to 6% slope before being considered a ramp requiring compliant handrails.

Any issues of dimensional tolerances not addressed herein shall be referred to the parties' experts for possible resolution by mutual agreement and thereafter shall be resolved through the dispute resolution process set forth in Section XI.

**E.**    **<u>Notice</u>**

"Notice," with the exception of notice to the Class of the proposed settlement of this matter, shall mean a written notification to the attorneys for the Defendants, and/or to the attorneys for the Class, or those attorneys' designees. Unless otherwise stated herein, notice shall be provided within a reasonable period of time.

**F.**    **<u>Path of Travel</u>**

"Path of Travel" shall mean and refer to a continuous unobstructed way of pedestrian passage by means of which an area may be approached, entered and exited, and which connects the area with an exterior approach (including sidewalks, streets and parking areas), an entrance to the facility, and other parts of the facility.

**G.**    **<u>Physical Access Barrier</u>**

"Physical Access Barrier" means and refers to any condition that is not in conformance with ADAAG or Title 24 whichever standard is the most stringent with regard to disability access requirements and not within the agreed upon industry tolerances set forth in Section II.D above.

**III.**    **EQUITABLE RELIEF**

The Parties hereby agree that, conditioned upon entry of final approval by the District Court, Defendants shall do the following in order to ensure the provision of full and equal access to each of the programs, services and activities of SFCCD, and to ensure compliance with new construction and alteration requirements by SFCCD. Defendants

maintain that although substantial structural access improvements may not be necessary in order to bring the existing facilities listed below into compliance with Title II of the ADA and Section 504, Defendants expressly agree herein to make substantial structural access improvements to those existing facilities. Accordingly, Defendants shall expend no less than a minimum of $7.5 million to implement the access work specified herein. Defendants expressly recognize that this sum shall constitute the minimum sum to be expended to improve disability access at the facilities listed herein, and that if additional sums of money are required to perform the work listed below, such expenditures shall be required by this Stipulated Judgment. Further, in the unexpected event that the work specified herein is completed by expending less than $7.5 million, Defendants shall expend any remaining sums on additional access projects to be agreed upon between the parties, and to be subject to the dispute resolution mechanisms of Section XII.

### A. 1 Access Work at Existing Facilities Designated To Be Made Accessible Facilities Pursuant to this Stipulated Judgment

The District shall perform all of the following access improvements required by this Judgment to the Designated Accessible Facilities listed in Section A.2 below by no later than April 1, 2010:

(1) accessible path of travel from the boundary of the site to the designated accessible entrances;

(2) two accessible entrances to each building, with the exceptions of the John Adams Campus, Evans Campus and Alemany Campus, which shall provide one accessible entrance;

(3) accessible elevator (if multi-story facility) with the sole exception that the District shall not be required to make elevators at those sites compliant with the ADAAG requirements for new construction if it is technically infeasible to do so as defined by section 4.1.6 of the ADAAG and provided that any work requiring a change in the size of the elevator shaft may be deferred until approval of the next facilities construction bond, and any work requiring modification of the size of an elevator cab

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1  shall be referred to the experts for a recommendation and be subject to the dispute

2  resolution process described in Section XI of this Stipulated Judgment;

3         (4) accessible signage;

4         (5) all unique special purpose classrooms and facilities located at the

5  buildings listed below that offer unique special purpose programs, services and activities

6  at that facility and/or site shall be accessible and shall provide an ADAAG and/or Title

7  24 number of accessible workstations, whichever is more stringent, with the sole

8  exception that the existing observatory need not be made accessible because defendants

9  shall include a new accessible observatory in their next facility construction bond or

10 identify funds in such bond so make the existing observatory ADAAG compliant;

11        (6) no less than thirty percent of regular classrooms (including large

12 lecture halls, meaning those which have existing seating in excess of 75), computer labs

13 and basic science labs at that facility shall be accessible (computer and science labs shall

14 provide an ADAAG and/or Title 24 number of accessible workstations, whichever is

15 more stringent), including providing accessible furniture in those classrooms, except that

16 at John Adams campus Defendants shall provide seven accessible regular classrooms and

17 any access improvements required by law based upon any other future alterations to the

18 John Adams Campus;

19        (7) one set (one male and one female) of accessible restrooms shall be

20 provided on any floor which contain accessible classrooms or spaces utilized to offer

21 programs, services and/or activities to Class Members;

22        (8) accessible drinking fountains (if provided at the site) shall be provided

23 on any floor that contains accessible classrooms or spaces utilized to offer programs,

24 services and/or activities to Class Members; and

25        (9) accessible parking located adjacent to the designated accessible

26 facilities shall be made compliant with ADAAG and/or Title 24 to the maximum extent

27 feasible.  Each Designated Accessible Facility shall provide a supervised automatic

28 sprinkler system, areas of rescue/refuge assistance, or equivalent fire and life safety

protections to Class Members as determined by Plaintiffs' and Defendants designated experts and subject to the dispute resolution process described herein.

Alterations work pursuant to this section III. A.1 of this Stipulated Judgment shall not be construed to require additional path of travel work required by ADAAG or Title 24 beyond that otherwise required by this Stipulated Judgment.

### A.2 Designated Accessible Facilities

1. Downtown Campus
2. Evans Campus
3. . John Adams Campus (two buildings)
4. Cloud Hall
5. Science Hall
6. Ocean Avenue parking
8. Batmale Hall
9. Creative Arts
10. Creative Arts Extension
11. Visual Arts
12. Horticulture
13. College Bookstore
14. Smith Hall
15. Student Union
16. Alemany Campus

**B.** **Path of Travel Access Work**

During the first two years of the Stipulated Judgment, Defendants shall implement an accessible path of travel plan at SFCCD's Ocean Avenue Campus. The path of travel access work for the Ocean Avenue Campus shall be designed and supervised by Gary K. Waters, AIA. In the event that Defendants object to Mr. Waters' proposed path of travel plans, Defendants' objections shall be considered pursuant to the disputed resolution mechanisms specified in Section XII. Path of travel access work for facilities or sites other than the Ocean Avenue Campus may be designed

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1   and supervised by qualified architects other than Gary K. Waters, AIA, but the design and

2   construction of the work shall be reviewed by Mr. Waters, who shall comment on and make

3   recommendations regarding any potential deficiencies or problems. All accessible path of travel

4   work pursuant to this Stipulated Judgment shall be performed in compliance with ADAAG and/or

5   Title 24, whichever standard is the most stringent with regard to disability access requirements.

6   All path of travel work pursuant to this Stipulated Judgment shall be completed by no later than

7   April 1, 2008.

8                          **MILESTONES TO ASSESS PROGRESS**

9           For the construction work identified in Section III.A, the District shall perform in

10  accordance with the following schedule:

11                  a.      All design work shall be completed and submitted to the Division of the State

12  Architect within 18 months of the approval of this Agreement by the District Court.

13                  b.      All contracts shall be advertised by within 90 days of SFCCD receiving final

14  approval of the plans and specifications from the Division of the State Architect.

15                  c.      All contracts for construction shall be awarded within 60 days of final bid

16  submission to SFCCD.

17                  d.      All projects shall be issued a Notice To Proceed within 60 days of the

18  award of the bid.

19          If the District believes in good faith that any of these deadlines with respect to any

20  specific work cannot be met due to circumstances beyond its control, it shall immediately

21  notify class counsel. Within 10 days thereafter, the parties shall meet and confer in an effort to

22  resolve the issue. In the event that it cannot be resolved informally, the issue shall be

23  submitted to Judge Alsup for resolution.

24  **IV.    NEW CONSTRUCTION AND ALTERATIONS**

25          A.      **New Construction**

26          Defendants shall ensure that all future new construction and alteration work at SFCCD

27  fully complies with ADAAG or Title 24, whichever standard is the most stringent with regard to

28  disability access requirements. In the event that Defendants construct any new facilities, those

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 10 -

facilities shall fully comply in all aspects with the ADAAG and Title 24 requirements for new construction. The following facilities that are presently planned or under construction shall fully comply with the ADAAG and Title 24 of the California Code of Regulations upon completion:

    1.    Chinatown/North Beach Campus (estimated completion date: 2010)

    2.    Mission Campus (estimated completion date: 2008)

    3.    New Wellness Center: (estimated completion date: 2008)

    4.    Student Health Center: (estimated completion date: 2008)

    5.    New Theatre [to replace the Diego Rivera Theatre] (estimated completion date: 2011)

Construction of these facilities shall be completed by no later than April 1, 2012.

The following facilities shall be made ADAAG and Title 24 compliant for new construction by no later than following specified dates:

    1.    Rosenberg Library – April 1, 2007

    2.    Bungalow 500 – April 1, 2008

    3.    Bungalow 600 – April 1, 2008

    4.    Bungalow 700 – April 1, 2008

    5.    EOPS – April 1, 2007

    6.    Stadium Press Box and Snack Bar – April 1, 2007

    7.    Reservoir Parking Lot at Ocean Avenue Campus – December 31, 2007

Defendants shall not be obligated to make Bungalow 500, Bungalow 600 or Bungalow 700 accessible within the meaning of this Section if those Bungalows are demolished, removed from the site or removed from use as classrooms by April 1, 2008.

**B.**    <u>New Construction Access Expert(s)</u>

Defendants shall retain the services of access expert Gary K. Waters AIA, to review all new construction and alteration plans for ADAAG and Title 24 compliance before any new constructions or alterations are scheduled and/or performed. The expert will also be responsible for review of plans prior to final approval by the Division of the State Architect. The expert shall

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 11 -

1  determine that the plans are in conformity with the applicable disability access standards. The

2  expert shall also review the as-built conditions prior to project closeout so as to determine that the

3  project and work was performed in accordance with the plans and specifications. Defendants

4  shall compensate Mr. Waters at his regular market rate for his services under a standard

5  contractual agreement with SFCCD.

6      **C.**    <u>**Duties of New Construction Access Expert(s)**</u>

7          The San Francisco Community College District shall not proceed with the construction of

8  any plans that are not compliant with ADAAG and Title 24. Defendants shall require that

9  architects who prepare drawings for the District shall prepare a separate drawing sheet showing

10  the provision of an ADAAG/Title 24 compliant path of travel to the area of alteration or new

11  construction. The access expert shall inspect construction at any time, with advance notice to the

12  District, during the construction process to ensure compliance with ADAAG and Title 24, and

13  shall advise the District and recommend that construction be halted if he determines that it is not

14  being performed in compliance with ADAAG/Title 24. Within a reasonable period thereafter, as

15  determined by the access expert, if construction has not been halted or the issue otherwise

16  resolved, Mr. Waters may contact the Court in writing with copies to all counsel in the event that

17  he has determined that new construction or alterations are not being performed in accordance with

18  this Stipulated Judgment. If the District rejects the recommendation and permits construction to

19  continue, Class Counsel, as a means of enforcing this Stipulated Judgment, may seek injunctive

20  relief regarding any work that is not in compliance with this Judgment and will be entitled to

21  reasonable costs and attorneys' fees if they prevail. The new construction access expert(s) shall

22  use a checklist to verify compliance with construction work being performed in the field. The

23  completed checklist shall be provided to Class Counsel, and the checklist shall be maintained by

24  Defendants for the duration of this Stipulated Judgment. Defendants shall remediate any new

25  construction or alteration that is not performed in accordance with this judgment promptly.

26          Defendants may retain additional access experts for these purposes in addition to Gary

27  Waters. Should there be any disagreement between the experts regarding the appropriate

28

disability access standard or remediation, said dispute shall be resolved pursuant to the dispute resolution provisions specified in Section XI.

## V.    GENERAL MAINTENANCE OF ACCESS FEATURES

Defendants shall maintain in fully operational condition all new and existing access features provided for persons with mobility disabilities.  Defendants shall take steps including, but not limited to, the following:

1.    Maintain exterior pathways and repair any surface irregularities that become greater than ½ inch due to wear or cracking, and shall make other repairs to keep pathways from causing hazardous conditions, provided that the District's maintenance department is able to repair such conditions without entering into an external contract.  Defendants shall inspect all facility for such conditions every six months and shall remove any such conditions noted or reported within 10 business days of their discovery, if not sooner.

2.    Maintain disabled parking spaces to have all appropriate signage and to keep access aisles to the spaces and to the main entrances they serve clear and usable.  Defendants shall inspect all facilities for such conditions every three months and shall remove any such conditions noted or reported within 10 business days of their discovery, if not sooner.

3.    Maintain and replace as required all building signage that would direct persons with disabilities to the accessible paths of travel.  Defendants shall inspect all facility sites for such conditions each month and shall remove any such conditions within 10 business days of their discovery, if not sooner.

4.    Maintain all accessible entrances and doors in a fully operational condition and unlocked during normal hours of operation of the facility and during all public functions whenever the primary entrance to the facility is unlocked.  Defendants shall also maintain all access features such as

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 13 -

1    accessible restrooms, elevators and platform lifts so that they are fully

2    operable and unlocked during normal hours of operation of the facility,

3    except that facilities where elevator use is restricted to persons with

4    disabilities may make use of a reasonable system for implementing such a

5    restriction that does not limit access to members of and during all public

6    functions.

7         5.    Maintain all accessible plumbing fixtures, including toilets, urinals,

8    lavatories, sinks, faucets, showers, and drinking fountains, to be fully

9    operational and in compliance with ADAAG.  Defendants shall inspect all

10   facilities in this regard every three months and shall repair any such non-

11   operating conditions within 10 business days of being reported or discovery,

12   if not sooner.

13        6.    Maintain all toilet accessories to be fully operational and mounted no

14   more than 41" above the floor at all accessible restrooms.  Maintain all grab

15   bars to be tight and structurally sound.  Such features will be checked

16   monthly and repaired within 5 business days of the discovery of any

17   problem, if not sooner.

18        7.    Automatic door openers shall be checked weekly and fixed within 3

19   business days of the discovery of a problem, if not sooner.

20        8.    Elevators shall be checked twice per week and the District shall

21   contact the elevator company under contract immediately upon learning of a

22   of a non-operable elevator component or malfunction. SFCCD shall use all

23   reasonable efforts to ensure that the elevator malfunction or non-operational

24   condition is remedied within 7 business days and include in any elevator

25   repair contract that a requirement that calls for service be responded to in no

26   less than 5 hours.   Reasonable efforts may include the advance procurement

27   of parts for obsolete elevators that are likely to malfunction.  If an elevator is

28   inoperable for more than 24 hours and no other accessible route to

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 14 -

1    classrooms or other programs or activities serviced by that elevator exists,

2    SFCCD will promptly relocate the classrooms or other programs and

3    activities being utilized by Class Member served by that elevator to other

4    accessible locations until the elevator in question is repaired.

5         10.     Door closure mechanisms shall be checked every 3 months and adjusted

6    within 7 business days to ensure appropriate force within the meaning of

7    ADAAG, but in no case more than 8.5 pounds for exterior doors, 5 pounds for

8    interior doors, and 15 pounds for fire doors, with the agreed upon industry

9    tolerances set forth in Section II D of this stipulation, if not sooner.

10        11.     Accessible routes to and from all access features, such as pathways

11    to restrooms, access to elevator control buttons, shall be checked and cleared

12    of any obstructions, such as trash cans and moveable furniture, weekly

13    unless the District otherwise has notice of such condition, in which case the

14    condition shall be remedied, if feasible within, 24 business hours.

15  **VI. PROGRAMMATIC RELIEF**

16      **A.**    **Reassignment of Programs, Services and Activities to**

17            **Accessible Locations**

18        1.     Defendants shall make each program, service, or activity offered

19  by the SFCCD available at one of the designated accessible facilities listed above, either

20  originally or through reassignment. Defendants shall analyze and evaluate the

21  accessibility and usability of each of SFCCD's programs, services and activities to

22  individuals with mobility disabilities, and shall prepare a database and chart indicating

23  where each of SFCCD's programs, services and activities is available at a location

24  accessible to Class Members. Such information shall be provided in the access guide

25  discussed in Section VI.D of this Stipulated Judgment.

26        2.     Upon learning that a Class Member has enrolled or signed up or

27  seeks to enroll or sign up for a course, program, or activity that has been assigned to a

28  classroom or facility that is not accessible, DSPS will promptly reassign the course,

agenda, or activity to a location that is accessible. The DSPS shall continue to use its

priority registration services for this purpose and the ADA Coordinator will also take a

pro-active role in counseling Class Members on the locations of the accessible

classrooms where courses and activities may be held.

        3.     Defendants shall develop and implement, by no later than June 15, 2006,

a comprehensive written policy and procedure for reassigning SFCCD programs, services and

activities, including but not limited to classes, to accessible spaces whenever necessary to

provide access to Class Members. Such written policies and procedures shall include the

following elements:

        a.     In order to ensure that classes, programs, services and

activities are held in accessible locations, SFCCD will provide a comprehensive database

that can be accessed over the internet that will enable Class Members, the DSPS, the

ADA Coordinator and other SFCCD personnel to look up each specific classroom,

facility, site or location to determine its accessibility. Such information regarding the

accessibility of specific locations shall be maintained in the course catalog and found at

www.ccsf.edu. Links to this database will be included on the DSPS and SFCCD website,

as well as clearly marked on the Registrar's website, and information regarding this

website will be distributed to Class Members every semester.

        b.     A written procedure and system to be used by faculty

members and other SFCCD personnel to promptly notify the ADA Coordinator and

DSPS, or any other appropriate SFCCD official, of the need to reassign a particular

program, services or activity to an accessible location.

        c. Regular notification at the commencement of each semester to

Class Members who have registered with DSPS or are otherwise known to the District,

through the Access Guide, the District's website and the counseling process, that classes

and other programs, services and activities offered by the District will be relocated to

accessible classrooms or spaces upon request. Class members shall be provided with

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 16 -

1  written notices and written forms that enable them to request reassignment of a particular

2  program, service or activity to an accessible location.

3      4.    Defendants shall relocate any unique programs, services or

4  activities provided at the Castro-Valencia campus to an alternative accessible site if

5  requested, and shall relocate such on a permanent basis by no later than September 1,

6  2008, subject to an extension of additional time for good cause after engaging in an effort

7  to meet and confer and subject to the dispute resolution process. Good cause will include

8  the unavailability of a facility of comparable size and comparable cost. SFCCD shall use

9  its best efforts to secure alternative space that is ADAAG compliant.

10  **B.**    **Policies and Procedures: Access Guide**

11      1.    By no later than July 15, 2006, and every July 15 thereafter,

12  Defendants shall make available to Class Members who register with DSPS or who are

13  otherwise known to Defendants an updated comprehensive, accurate and readily

14  understandable Access Guide that includes, at a minimum, the following:

15      a.    A listing of all facilities and a description of the accessibility

16      of those facilities including an accurate listing of the inaccessible

17      spaces at each facility, as well as a general description of the access

18      conditions at each facility.

19      b.    Location of accessible parking, accessible exterior paths of

20      travel, accessible entrances to buildings or facilities and accessible

21      transit stops.

22      c.    Location of accessible restrooms in the designated accessible

23      facilities, water fountains, and telephones inside each building or

24      facility.

25      d.    Policies and procedures concerning parking, emergency

26      evacuation, and transportation systems.

27      e.    Procedures and forms for filing complaints with the ADA

28      Coordinator regarding disability access.

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

     f.    Identification of all hazardous paths of travel or other safety hazards for individuals with mobility disabilities.

     g.    Notification that classes and other programs, services and activities offered by the District will be relocated to accessible spaces upon request.

2.    The access guide shall be mailed or delivered to all Class Members, and all incoming SFCCD students with mobility disabilities. In addition, the access guide shall be posted on the SFCCD web page, maintained at each facility, and shall be distributed at the offices of the DSPS. The access guide also shall be made available in necessary and appropriate alternative formats, large print, Braille and disk.

**C.**    **ADA Coordinator**

SFCCD shall at all times employ a full-time ADA Coordinator with appropriate qualifications and expertise. This full time position may be split between two employees with separate responsibilities (e.g. academic accommodations and physical access) provided that the division of responsibility is clearly set forth in writing and provided to Class Counsel and provided further that the combined responsibilities represent a full time position. The responsibilities of this position or combined position shall include, at a minimum, the following:

1.    Responsibility and authority to recommend that any of SFCCD's programs, services and activities be relocated to an accessible location or within a facility to a location that has a higher level of accessibility for a particular Class Member.

2.    Responsibility and authority to receive and respond to inquiries and complaints concerning physical access barriers from Class Members who use SFCCD facilities and programs.

3.    Responsibility to obtain and require collection of all information necessary to fulfill the obligations of this Stipulated Judgment, including disabled access-related complaints described in Section IX of this Judgment.

4. Responsibility to recommend the adoption or modification of SFCCD policies and procedures to ensure that Class Members are provided access to each of the programs, services, and activities of SFCCD. Included among the policies and procedures that the District shall have in place implement by no later than September 5, 2006 are the following:

      a.   Written policies and procedures ensuring that accessible work stations, accessible seating and other designated access features for use by persons with mobility disabilities will be reserved and/or made available upon request.

      b.   Written policies and procedures concerning the maintenance of accessible paths of travel, including keeping pathways to and within classrooms clear for use by persons with mobility disabilities, and keeping such pathways clear for use of access features by persons with mobility disabilities.

      c.   Written policies and procedures relating to the use and selection of parking spaces for students at SFCCD who have mobility disabilities.

      d.   Written policies and procedures concerning prompt retrieval and provision of books and other materials in SFCCD's libraries that are not readily accessible and usable by persons with mobility disabilities.

      e.   Written policies and procedures regarding the hours during which the automated doors at SFCCD's accessible entrances shall be operational.

      f.   Written policies and procedures concerning the provision of appropriate, comprehensive and understandable signage whenever construction work is in process, directing people with mobility disabilities to appropriate and accessible alternative routes.

g.    Plaintiffs' and Defendants' designated access experts shall meet and confer to determine any necessary interim physical or programmatic access measures that are necessary so as to provide access to the maximum extent feasible. The recommendation of the parties' experts shall be subject to the dispute resolution mechanism described herein. The ADA Coordinator shall arrange for the prompt implementation of any other interim measures that may be necessary, pending completion of approved physical access structural barrier removal, to ensure that each of SFCCD's programs, services and activities, respectively, are accessible to and usable by Class Members pending the completion of the access work specified in Section III.

5.    The ADA Coordinator shall be available to meet with Class Members in an accessible location.

6.    Defendants shall designate a liaison who shall have responsibility and authority to act as an administrative liaison to Class Counsel for the duration of the Stipulated Judgment. The designated liaison shall have responsibility and authority to take the following actions on behalf of Defendants: (1) collect information pertaining to Defendants' compliance with this Stipulated Judgment, and (2) respond to requests from Class Counsel for information or other documents as provided in this Stipulated Judgment. Such requests shall be reasonable in scope and frequency and not unduly burdensome, and shall not require that SFCCD violate the privacy rights of past or present students or promises of confidentiality for protected private information.

D.    **Training, Orientation and Notifications**

1.    By June 1, 2006, the District shall implement the following:

a.    Provide training on an annual basis to campus deans and DSPS officials on the District's ADA and Section 504 grievance procedures;

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 20 -

b.      Provide information on the rights of persons with disabilities, the services of the ADA Coordinator and the District's ADA and § 504 grievance procedure on an annual basis to all student Class Members who register with DSPS or are otherwise known to the District, along with a summary of the terms of this Stipulated Judgment and the names, addresses and telephone numbers of Class Counsel;

c.      Provide information on an annual basis to the District's faculty and other personnel on issues pertaining to physical access and students with mobility disabilities and the services of the ADA Coordinator and the DSPS;

d.      Provide literature and training at least once per year to all campus deans describing the services provided by the ADA Coordinator; and,

e.      Provide literature at least once per year to all campus deans discussing issues pertaining to physical access issues and students with mobility disabilities.

2.      To the extent that the District provides materials for events taking place on its campuses, it shall have a policy requiring inclusion of language that advises individuals with disabilities of the Access Guide and any other information necessary to enable an individual with a disability to participate in campus events.

3.      Any materials referenced in this section shall be made available in alternative formats, such as large print, Braille and disk, as appropriate. Additionally, materials referenced in paragraph 1 of this section shall also be posted on the District website.

## VII.  SAFETY

### A.  **Evacuation Plans & Procedures**

By December 31, 2006, SFCCD shall prepare and implement effective written evacuation plans for its buildings. Such evacuation plans shall:

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 21 -

1        1.    Identify the primary and secondary routes useable by Class

2 Members that will be used to evacuate Class Members.

3        2.    Identify the location of any emergency equipment to be used to

4 evacuate Class Members.

5        3.    Identify an assembly area, useable by Class Members, to meet first

6 responders.

7        4.    Identify an accessible and safe area of assembly useable by the

8 Class Member to which the Class Member will be evacuated. Such area of assembly

9 shall be at least 50 feet away from the building.

10        5.    Include a visual map showing the footprint of the building with the

11 primary and secondary ADAAG compliant evacuation routes clearly marked for each

12 floor used by the Class Member.

13        6.    If not already in existence, Defendants shall also provide a visual

14 map that complies with OSHA guidelines on each floor of their facilities. These maps

15 shall:

16        a.    Show only one building and one floor.

17        b.    Show primary and secondary exits (color coding is

18 preferred). These exits must be remote from each other and so arranged as to minimize

19 any possibility that both may be blocked by any one fire or other emergency condition.

20        c.    On upper floors show the locations of stairways and

21 elevators and indicate that the stairs, not the elevators, are the appropriate means of exit

22 in case of emergency.

23        d.    Show an accessible assembly location outside the building

24 that is at least 50 feet away.

25        e.    Show any accessible exits.

26        f.    Show the "YOU ARE HERE" point with an X circled and

27 be drawn with the correct dimensional orientation so that the right and left of the viewer

28 will correspond accurately with the right and left on the map.

7.     Defendants shall also maintain audible and visual fire alarms and pull stations to be fully operational.  Audible and visual fire alarms and pull stations shall be maintained in accordance with Title 24 of the California Code of Regulations, and shall be repaired within 24 hours of the discovery of any problem.

**B.     Evacuation Chairs**

Except where Defendants' facilities have, or are required by this Stipulated Judgment to have, areas of rescue/refuge assistance, supervised automated sprinkler systems, or equivalent fire and life safety systems, Defendants shall provide an emergency evacuation program for persons with disabilities which makes use of evacuation chairs that are approved by the local fire department, meet a nationally recognized standard, or are listed by a nationally recognized testing organization.  The required parameters for such a program, including the number, of evacuation chairs, training and procedures for use of the evacuation chairs, shall be the subject of a study conducted by expert Manny Muniz and paid for by SFCCD.  Such a study shall be completed no later than 60 days after the execution of this Stipulated Judgment or such later reasonable time as is agreed to by the parties.  Defendants will implement the recommendations of Mr. Muniz unless they disagree with those recommendations, in which case the parties will meet and confer over the areas of disagreement and, as necessary, utilize the dispute resolution process set forth in Section XII of this Stipulated Judgment.

**C.     Training**

Defendants shall train staff members each year in the use of specialized evacuation equipment or procedures used to evacuate Class Members.  The training materials and procedures should be reviewed and approved by an expert proficient in the area of emergency evacuation of persons with mobility disabilities.

**D.     Drills**

Defendants shall conduct an emergency evacuation drill at least once per year at each campus building.

///

## VIII. NO RETALIATION AGAINST OR ADVERSE TREATMENT OF
## CLASS MEMBERS

Defendants are prohibited from retaliating in any way against any member of the Class. Class members including representatives, deponents and declarants shall suffer no adverse treatment by Defendants, their agents and employees. In the event the Class Members, including class representatives, deponents or declarants claim that this paragraph has been violated they shall have the right to file a complaint pursuant to the dispute resolution process in this Stipulated Judgment.

## IX. COMPLIANCE

### A. Complaint System

Complaints shall be recorded using a form to be agreed upon between the parties. Each complainant shall be provided with a copy of the completed complaint form at the time the complaint is submitted to the ADA Coordinator. Defendants shall also provide a voice mail system and an e-mail address that can be used by Class Members to file complaints with the ADA Coordinator regarding access problems. The complaint form, voice mail system and e-mail system shall be made available in necessary and appropriate alternative formats, such as foreign languages, large print, Braille and disk.

### B. Reporting Requirements

Defendants shall report every six months in writing on the status of SFCCD's compliance with the terms of this Stipulated Judgment. The ADA Coordinator shall be responsible for coordinating and providing all reports required by this Stipulated Judgment. The reports shall be provided to Plaintiffs' counsel and to the District Court. The first report shall be due by no later September 1, 2006. The reports shall include the following:

      1.    What compliance efforts have been made since the last report with respect to each of the substantive terms of this Stipulated Judgment;

      2.    What facilities have been modified and in what manner, what access work has been performed, and what monies have been expended pursuant to

1  this Stipulated Judgment, including a report on which facilities and/or sites

2  are in compliance with the Section III standards;

3  　　　　3.　　Whether all of the barrier removal and renovation work scheduled to

4  be completed since the last report has been completed, and if not, the extent

5  to which such work has been completed and why the scheduled work was

6  not completed;

7  　　　　4.　　What complaints were received by SFCCD regarding disability

8  access since the last report and the response to the complaints; and,

9  　　　　5.　　What monies were spent since the last report performing Access

10  Work specified in Section III.

11  　　　　Defendants shall submit a final report to Class Counsel within sixty (60) days of completion

12  of all physical access barrier removal projects undertaken by Defendants pursuant to this Stipulated

13  Judgment. The final report shall describe Defendants' compliance with this Stipulated Judgment,

14  and in particular shall set forth the access improvements and other remedial measures that

15  Defendants have taken to comply with this Stipulated Judgment. In connection with the submission

16  of the final report, Defendants shall file with the Court an affidavit under oath from a person

17  authorized to bind SFCCD attesting that all of SFCCD's obligations under the terms of this

18  Judgment have been discharged, and verifying the facts contained within the final report.

19  　　　　At the request of Class Counsel, Defendants and Class Counsel shall meet in person

20  every four months to review Defendants' efforts to implement this Stipulated Judgment, and

21  to resolve any disputes regarding implementation or enforcement.

22  **X.　　INSPECTIONS AND REPORTING**

23  　　　　Defendants shall retain Gary K. Waters to monitor and supervise their efforts to

24  implement the disability access work described herein. Throughout the Compliance Period,

25  Plaintiffs' expert(s) may conduct inspections of SFCCD's facilities to monitor compliance

26  with this Stipulated Judgment. The first such inspection and report will take place by

27  October 1, 2006. Subsequent inspections may take place quarterly.

28

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 25 -

## XI. RESOLUTION OF ANY DISPUTES

In the case of any disputes arising out of or related to any alleged failure to perform in accordance with the terms of this Judgment, the party asserting a failure of performance shall notify the counsel for the other parties via facsimile and overnight mail. Within ten (10) business days of the notification, the parties shall commence to meet and confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute through the meet and confer process, the parties shall engage in non-binding mediation before Judge Eugene F. Lynch, Ret. to be calendared within 21 days. Should such mediation fail to resolve the dispute, either party may file a motion with the Court to resolve the issue or issues specified in the meet and confer process. In the motion, the party shall indicate whether the resolution of the motion requires the taking of live testimony. If Judge Lynch is not available to serve as the mediator, any disputes pursuant to this Judgment may be submitted to John Bates, Esq, or the Honorable Fern M. Smith (Ret.) in that order. In the event that neither of these alternative mediators is available, the parties shall mutually agree upon a mediator. If the parties are unable to agree upon a mediator, a mediator shall be selected by the District Court.

## XII. RELEASES

### A. Releases By The Class

In return for the consideration provided for in this Stipulated Judgment, the adequacy of which is hereby acknowledged, on the date of Final Approval, all absent Class Members, both individually and as a Class, and Named Plaintiffs shall be deemed to release and shall have released Defendants and their trustees, officers, directors, employees, attorneys, agents and insurers, and their successors and assigns, ("Released Parties") from any and all claims for injunctive or declaratory relief that are the subject of, included within, and/or arise from this lawsuit, including all claims, liabilities, obligations, demands, actions, and claims under Title II of the ADA, Section 504, 42 U.S.C. §1983, California Civil Code Section 51 et seq. California Civil Code Section 54 et seq., California Government Code Section 11135 et seq., and California Government Code Section 4450 et seq. and their accompanying regulations that were brought or could have been brought against the

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 26 -

1  Released Parties for injunctive or declaratory relief relating to physical access barriers that

2  allegedly deny program access at SFCCD's facilities, programs, services and activities for

3  students with mobility disabilities. Nothing in this Stipulated Judgment shall release any

4  claims for money damages.

5          Nothing in this Judgment shall release any future claims by individuals for reasonable

6  accommodation under ADA Title II or Section 504 that do not relate to physical access barriers

7  that limit or deny program access for students with mobility disabilities, or any claims under the

8  Individuals with Disabilities Education Act that do not relate to physical access barriers that

9  limit or deny program access for students with mobility disabilities.

10     **B.    Individual Damages and Releases by the Named Plaintiffs**

11          Within 90 days of the entry of this Stipulated Judgment, Defendants shall pay the

12  sum of $30,000.00 to Plaintiff Estoria Cherry and the sum of $10,000.00 to Plaintiff Margie

13  Cherry. In return for such consideration, the adequacy of which is hereby acknowledged,

14  Estoria Cherry and Margie Cherry shall be deemed to release and shall have released

15  Defendants and their trustees, officers, directors, employees, attorneys, agents and insurers,

16  and their successors and assigns, ("Released Parties") from any and all claims for damages

17  and for injunctive or declaratory relief that are the subject of, included within, and/or arise

18  from this lawsuit, including all claims, liabilities, obligations, demands, actions, and claims

19  under Title II of the ADA, Section 504 of the Rehabilitation Act, 42 U.S.C. §1983,

20  California Civil Code Section 51 et seq., California Civil Code Section 54 et seq., California

21  Government Code Section 11135 et seq., and California Government Code Section 4450 et

22  seq. and their accompanying regulations that were brought or could have been brought by

23  them individually against the Released Parties for damages or for injunctive or declaratory

24  relief relating to physical access barriers that allegedly deny program access at SFCCD's

25  facilities, programs, services and activities for persons with mobility disabilities.

26     **C.    Amendment of Complaint to Include State Claims**

27          The release of any claims under State law by the Class or the Named Plaintiffs

28  herein, as described above, is contingent upon the filing of an amended Complaint in this

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 27 -

1  action, by stipulation and with the approval of the Court, alleging California Civil Code

2  Section 51, *et seq.*, California Civil Code Section 54, *et seq.*, California Government Code

3  Section 11175, *et seq.*, and California Government Code Section 4450, *et seq.* state law

4  claims and the waiver by Defendants of any 11th Amendment Immunity with respect to the

5  claims stated in this case only. This waiver shall not be construed as a wavier of the 11th

6  Amendment Immunity as to any other claim, complaint or lawsuit.

7  **XIII.  ATTORNEYS' FEES AND COSTS**

8      **A.  Reasonable Attorneys' Fees and Costs**

9        Plaintiffs are the prevailing parties with respect to the award of reasonable attorneys'

10  fees and costs in this matter. Defendants shall pay to Plaintiffs' Counsel the sum of

11  $1,660,000.00, representing costs and attorneys fees incurred in the prosecution of this case.

12  The payment of fees and costs shall be made in two equal parts. The first payment in the

13  sum of $830,000.00 shall be made on or before May 15, 2006. A second equal payment of

14  $830,000.00 shall be paid on or before September 1, 2006. Defendants are not entitled to

15  fees or costs in this action. This Stipulated Judgment resolves any and all issues between

16  the parties and their counsel with regard to fees and costs.

17      **B.  Reasonable Attorneys' Fees and Costs Regarding Monitoring**

18          **And Enforcement**

19        Plaintiffs shall be entitled to reasonable attorneys' fees and costs incurred in connection

20  with the monitoring of this Judgment, subject to a cap of $20,000 per year for up to a maximum of

21  four years, unless extended by Order of the Court. Defendants may dispute the reasonableness of

22  the rates and hours expended by Class Counsel in connection with such monitoring activities, and

23  do so subject to the dispute resolution mechanisms of Section XII. With respect to reasonable

24  attorneys' fees and costs arising from a dispute between the parties pursuant to Section XII,

25  Plaintiffs shall only recover reasonable attorneys' fees and costs in connection with such a dispute

26  if they prevail with respect to the disputed issue. Recovery of such reasonable fees and costs with

27  regard to disputed issues shall not be subject to the $20,000 cap stated above. With respect to

28  such disputes, Defendants may dispute that Plaintiffs are the prevailing party and/or may dispute

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1    the reasonableness of any fees and costs claimed by Plaintiffs. Defendants shall be entitled to the

2    recovery of reasonable attorneys fees and/or costs for any work performed in connection with this

3    Stipulated Judgment or the enforcement thereof to the extent permitted by applicable federal law.

4    **XIV.   EFFECTIVE DATE**

5           The parties' obligations and other provisions set forth herein shall become effective on

6    the date of preliminary approval by the District Court, or May 1, 2006, whichever is earlier.

7    **XV.    CONTINUING JURISDICTION**

8           The Court shall maintain continuing jurisdiction over this lawsuit for the length of this

9    Stipulated Judgment and Order for the purpose of overseeing and enforcing the terms herein.

10   Defendants hereby expressly waive any sovereign immunity pursuant to the Eleventh

11   Amendment of the United States Constitution, and this Court shall have jurisdiction over

12   Plaintiffs' accompanying claims under California state disability nondiscrimination statutes for

13   purposed of enforcing the terms of this Stipulated Judgment and Order.

14   **XVI.   DURATION OF STIPULATED JUDGMENT**

15          This Stipulated Judgment shall be deemed effective on May 1, 2006. The Stipulated

16   Judgment shall continue to be effective and binding upon the parties for a period of four years

17   after the Effective Date, unless the Court approves an extension of time for good cause shown.

18   Defendants may move the District Court for an Order terminating its jurisdiction of this matter on

19   the basis that all of Defendants' obligations under the Stipulated Judgment have been fully

20   discharged. Nothing in this Section shall bar Class Counsel from moving for an extension of the

21   Stipulated Judgment to enforce any of its obligations. In the event that the District Court grants

22   Defendants' motion to terminate its jurisdiction in this matter, Defendants' obligation to fully

23   comply with the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of

24   1973, 42 U.S.C. § 1983, California Civil Code section 51, California Civil Code section 54,

25   California Government Code section 11135 and California Government Code section 4450 shall

26   continue thereafter.

27          Each year for the duration of this Stipulated Judgment, Defendants shall provide

28   student class members with a written summary of this Stipulated Judgment, and a notice

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1   providing the names, telephone numbers and addresses of Class Counsel. The information

2   required by this paragraph shall also be posted on the District's website. The District shall

3   provide Class Counsel with the names, addresses and telephone numbers of student Class

4   Members each year for the duration of this Stipulated Judgment.

5   **XVII. MISCELLANEOUS**

6      **A.**    **<u>Counterparts</u>**

7        This Stipulated Judgment may be executed in counterparts, each of which will be

8   considered an original, but all of which, when taken together, will constitute one and the

9   same instrument.

10      **B.**    **<u>Interpretation</u>**

11        The language of this Stipulated Judgment shall be construed as a whole according to its fair

12   meaning, and not strictly for or against any of the Parties. The headings in this Stipulated Judgment

13   are solely for convenience and will not be considered in its interpretation. Where required by

14   context, the plural includes the singular and the singular includes the plural, and the terms "and" and

15   "or" shall mean "and/or." This Stipulated Judgment is the product of negotiation and joint drafting

16   so that any ambiguity shall not be construed against any Party.

17      **C.**    **<u>Additional Documents</u>**

18        To the extent any documents are required to be executed by any of the Parties to

19   effectuate this Stipulated Judgment, each party hereto agrees to execute and deliver such and

20   further documents as may be required to carry out the terms of this Stipulated Judgment.

21      **D.**    **<u>Authority to Bind</u>**

22        The undersigned each represent and warrant that they are authorized to sign on

23   behalf of, and to bind, Defendants, and represent and warrant that this Stipulated Judgment

24   has been approved by Chancellor Philip R. Day of the San Francisco Community College

25   District and the Board of Trustees of the San Francisco Community College District.

26      **E.**    **<u>Notice</u>**

27        Defendants shall bear the cost of notice to the class of the Stipulated Judgment in

28   connection with the Court approval process and fairness hearing. The form of any such

1  notice shall be agreed upon between the parties, and will be subject to Court approval.

2  Defendants shall provide updated class member contact information (including names,

3  addresses, telephone numbers and email addresses) by no later than October 1 each year for

4  the duration of this Stipulated Judgment.

5

6  For Plaintiffs:

7  SCHNEIDER & WALLACE

8

9  Dated: _Feb 14_, 2006          By: _____

10                                     Guy B. Wallace
                                       Attorneys for Plaintiffs
11

12                                 THE STURDEVANT LAW FIRM

13  Dated: _Feb 14_, 2006          By: _____

14                                     Mark T. Johnson
                                       Attorneys for Plaintiffs
15

16  Dated: _____, 2006          By: _____

17                                     Estoria Cherry

18

19  Dated: _2/14_, 2006             By: _____

20                                     Margie Cherry

21  Attorneys for Defendants:

22                                 STUBBS & LEONE

23

24  Dated: _____, 2006          By: _____

25                                     Louis A. Leone
                                       Attorneys for Defendants
26

27

28

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 31 -

STUBBS & LEONE

Dated: 2·15    , 2006

By: _____
     Louis A. Leone
     Attorneys for Defendants
SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT et. al.
As to Form

Dated: 2·15    , 2006

By: _____
     Dr. Philip R. Day
     Chancellor

SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT OFFICE OF THE
GENERAL COUNSEL

Dated: _____, 2006

By: _____
     Ron Lee
     General Counsel

SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT OFFICE OF THE
GENERAL COUNSEL

(Approved as to Form)

Dated: _Feb 15_, 2006          By: _Ronald Lee_

Ronald Lee
General Counsel

SAN FRANCISCO COMMUNITY
COLLEGE DISTRICT

Dated: _____, 2006          By: _____

Dr. Philip Day, Chancellor

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA

1

**JUDGMENT AND ORDER**

2

3     IT IS SO ADJUDGED AND ORDERED.

4
      Dated: _April 17, 2006_____

5



6                                        HON. WILLIAM ALSUP
7                                        United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Judgment & Order
*Cherry, et al. v. City College of San Francisco*, Case No. C 04-4981 WHA
- 33 -