United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>        Defendants.<br>_____/ | No. C 04-04981 WHA<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUMMONS AND CROSS-COMPLAINT AND VACATING HEARING** |

      After stipulated judgment was entered on the underlying disabilities-rights action, defendants move for leave to file a cross-complaint against certain contractors for indemnification. Defendants' motion is not opposed.

      Federal Rule of Civil Procedure 14(a) provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be

> liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

If the cross-complaint is to be filed more than ten days after an answer is filed in the case, Rule 14(a) requires leave of court. Even where the cross-complaint lacks an independent basis for subject-matter jurisdiction, a court will be able to adjudicate the claim under its ancillary jurisdiction. "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989).

The contractors may be derivatively liable to defendants for the costs of improvements to the City College campuses required by the stipulated judgment. This order thus finds that defendants are entitled to file a cross-complaint under Rule 14(a). Defendants' motion, therefore, is **GRANTED**. Defendants are instructed to file and issue summons on their cross-complaint by no later than **JUNE 1, 2006**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 15, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO ("City College") LAWRENCE WONG, in his official capacity as President of the Board of Trustees, MILTON MARKS, III, in his official capacity as Vice-President of the Board of Trustees, DR. NATALIE BERG, JOHNNIE CARTER, JR., DR. ANITA GRIER, JULIO J. RAMOS, RODEL E. RODIS, in their official capacities as members of the Board of Trustees, and DR. PHILIP R. RAY, JR., in his official capacity as Chancellor,<br><br>    Defendants.<br>_____/ | No. C 04-04981 WHA<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUMMONS AND CROSS-COMPLAINT AND VACATING HEARING** |

    After stipulated judgment was entered on the underlying disabilities-rights action, defendants move for leave to file a cross-complaint against certain contractors for indemnification. Defendants' motion is not opposed.

    Federal Rule of Civil Procedure 14(a) provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be

> liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

If the cross-complaint is to be filed more than ten days after an answer is filed in the case, Rule 14(a) requires leave of court. Even where the cross-complaint lacks an independent basis for subject-matter jurisdiction, a court will be able to adjudicate the claim under its ancillary jurisdiction. "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989).

The contractors may be derivatively liable to defendants for the costs of improvements to the City College campuses required by the stipulated judgment. This order thus finds that defendants are entitled to file a cross-complaint under Rule 14(a). Defendants' motion, therefore, is **GRANTED**. Defendants are instructed to file and issue summons on their cross-complaint by no later than **JUNE 1, 2006**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 15, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2