IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE CHERRY and ESTORIA CHERRY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY COLLEGE OF SAN FRANCISCO, *et al.*,<br><br>Defendants.<br>_____ / | No. C 04-04981 WHA<br><br>**SECOND ORDER REQUESTING SUPPLEMENTAL INFORMATION REGARDING LIGHT SWITCHES** |

This is a second follow-up order to the first follow-up order regarding the light switches. Both sides shall please answer all of the following under oath by **NOON ON DECEMBER 22, 2010**. Each submission shall repeat the questions and shall be limited to five pages.

    1.    Is the amended stipulated judgment still in effect? By its terms, the judgment was deemed effective on May 1, 2006 and continued for a period of four years thereafter; by separate order, its terms were extended through October 1, 2010. The judgment provides that this court "shall maintain continuing jurisdiction over this lawsuit for the length of this Stipulated Judgment and Order" (Dkt. Nos. 676, 855). Defendants assert that "the effective and binding term of the Judgment expired on October 1, 2010" (Br. 2), but plaintiffs contend that "[t]his Court retains

jurisdiction to enforce the deadlines in the Judgment" (Opp. 7). Please cite authorities on point. (This question concerns more than light switches.)

2. State whether or not the light switches were in violation of the consent judgment in the first place.

3. State whether the consent judgment imposed a duty (as opposed to a right) on plaintiffs' counsel to stay on top of all remedial issues and to resolve them seasonably.

4. If plaintiffs' counsel had no duty to do so, what was the point in paying counsel fees to monitor the remediation?

5. Page 5 of the defense reply memo (Dkt. No. 895) states: "Class counsel agreed at the December 2009 meetings that instead of lowering all light switches . . . the District could install motion detectors. The district installed motion detectors . . .". Later on in the reply (page 7), defense counsel say it was Attorney Wallace who made this alleged agreement. Attorney Wallace now denies any such agreement under oath. Defense counsel shall file a declaration stating precisely what was said on this subject at the December 2009 meetings.

6. Both sides shall answer under oath: what contemporaneous notes, letters, or emails substantiate this statement (or absence of such a statement)?

7. Both sides shall provide to the Court notes and/or records of the December 2009 meetings bearing on light switches taken by all participants with declarations authenticating each.

8. Defense counsel imply that class counsel affirmatively agreed that lock boxes were unnecessary. Do defense counsel really assert this or do they merely mean lock boxes were not discussed one way or another?

2

9. The motion and reply papers filed by defense counsel left the distinct impression that the motion sensors were installed in reliance on an agreement with plaintiffs' counsel. In this regard, see the above quotation and page 7 lines 22–23 and 26, and page 8 line 3 of the reply plus page 5 lines 25–28. Now it turns out that virtually all of them were installed much earlier in 1996. Please state where in the motion and reply papers (or opposition papers) the Court could have learned that the motion sensors were actually installed long ago (save for a handful of recent installations)?

10. Both sides shall now respond to any statement in the other's first followup that they deny. Unless already expressly denied on the record on this motion, the Court will likely deem the statement uncontested unless specifically denied under oath by the subject of the statement.

**IT IS SO ORDERED.**

Dated: December 20, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3