MARGIE CHERRY and ESTORIA CHERRY on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

THE CITY COLLEGE OF SAN FRANCISCO, *et al.*,

    Defendants.

No. C 04-04981 WHA

**ORDER CONFIRMING JURISDICTION HAS ENDED**

## INTRODUCTION

In this class action to enforce state and federal disability laws, this order finds that the consent decree and jurisdiction over the action expired on October 1, 2010.

## STATEMENT

On the day trial was scheduled to begin several years ago, the parties reached a settlement. The parties presented their settlement to the Court in the form of a stipulated consent decree and judgment, the final version of which was entered in April 2006 (Dkt. No. 676). Among other things, this amended stipulated judgment and order required defendants "to make substantial structural access improvements" to existing facilities and to expend at least $7.5 million to implement the specified access work (*ibid.* at 7). It also included the following provisions:

> The Court shall maintain continuing jurisdiction over this lawsuit for the length of this Stipulated Judgment and Order for the purpose of overseeing and enforcing the terms herein.
>
> \* \* \*
>
> The Stipulated Judgment shall be deemed effective on May 1, 2006. The stipulated Judgment shall continue to be effective and binding upon the parties for a period of four years after the Effective Date, unless the Court approves and extension of time for good cause shown.
>
> \* \* \*
>
> Defendants may move the District Court for an Order terminating its jurisdiction of this matter on the basis that all of Defendants' obligations under the Stipulated Judgment have been fully discharged.
>
> \* \* \*
>
> Nothing in this Section shall bar Class Counsel from moving for an extension of the Stipulated Judgment to enforce any of its obligations.

(*id.* at 29).

Over the next four years, defendants expended nearly $18 million to implement a myriad of accessibility improvements to their facilities. Additionally, defendants paid class counsel and a designated access expert nearly half a million dollars in fees for inspections and monitoring activities (Dkt. No. 859 at 5). The work done on facilities ranged from barrier removal to construction modification and was accompanied by other access initiatives such as improving programmatic access and evacuation plans. As required by the stipulated judgment, defendants submitted periodic reports documenting the progress of this work.

In January 2010, defendants moved to extend one of the many compliance deadlines set forth in the stipulated judgment. Due to a change in circumstances, defendants were unable to complete construction access work on existing facilities by the deadline and requested an extension of that deadline from April 1, 2010 to October 1, 2010 (Dkt. No. 846). Class counsel did not oppose such an extension provided that it would be accompanied by certain additional provisions, including "[t]hat Class Counsel . . . may bring a motion to enforce the Stipulated Judgment by no later than December 3, 2010" and "[t]hat all other terms of the Amended Stipulated Judgment shall remain in effect through December 3, 2010" (Dkt. No. 852). The

1  extension of the compliance deadline to October 1, 2010 was granted, along with some but not all
2  of the additional provisions class counsel requested.  Notably, contrary to the proposal, the order
3  did *not* grant class counsel until December 3, 2010 to file an enforcement motion and did not
4  extend the terms of the judgment through that date.  Instead, the order provided: "All other
5  terms of the amended stipulated judgment shall remain in effect through October 1, 2010" (Dkt.
6  No. 855).

7  On November 2, 2010, defendants filed a motion to terminate jurisdiction, vacate the
8  amended stipulated judgment, and dismiss the entire action with prejudice.  The motion
9  acknowledged that "the effective and binding term of the Judgment expired on October 1, 2010"
10 (Dkt. No. 859 at 2).  Class counsel opposed the motion on the grounds that defendants had failed
11 to comply with the requirements of the stipulated judgment, identifying four respects in which
12 defendants were allegedly noncompliant (Dkt. No. 891).  After full briefing, a hearing on the
13 motion was held on December 7, 2010.  The arguments regarding the four compliance issues were
14 hopelessly mired in finger-pointing.  In an attempt to clarify the parties' contentions, three post-
15 hearing orders requested submission of supplemental briefing and evidence from both sides.
16 These set forth specific questions to illuminate dark voids in the record  (Dkt.
17 Nos. 902, 914, 915).  The parties filed submissions in response.

18 The four disputed compliance issues were and remain as follows.  *First*, plaintiffs allege
19 that adequate accessible seating has not been provided in the Diego Rivera Theater.  Defendants
20 counter that adequate accessible seating has been provided, that other accessibility improvements
21 have been made to that facility, and that a new, fully-accessible theater is in the works.  *Second*,
22 plaintiffs allege that 21 special-purpose classrooms in Cloud Hall were improperly excluded from
23 the scope of work performed and remain inaccessible.  Defendants counter that accessibility
24 improvements were made to these classrooms, that further improvements are infeasible due to the
25 specialized nature of the equipment used for instruction in these classrooms, and that Cloud Hall
26 is in compliance despite these limitations because 30% of its classrooms are now fully accessible.
27 *Third*, plaintiffs allege that the emergency egress locations in the lower level of the Visual Arts
28 building do not include life/safety features requested by plaintiffs' access expert.  Defendants

3

counter that the emergency egress accessibility improvements made to this facility comply with the judgment and were agreed to by plaintiffs' access expert. *Fourth*, plaintiffs allege that a number of light switches are non-compliant because they have not been lowered or fitted with lock boxes which would transfer exclusive control of the lights to existing motion sensors. Defendants counter that the light switches are compliant because they are attached to motion sensors and are not operated by students; defendants also insist that class counsel agreed to the use of motion sensors as an alternative to lowering the switches, without any mention of lock boxes.

Sadly, these problems are a mess. For example, the sufficiency of motion sensors as an alternative to lowered light switches was one of the four contested issues, but the key fact that these sensors were installed in 1996 (well before the commencement of this action and not in reliance on the parties' alleged agreements) did not come out until the Court issued additional pointed questions *after* the hearing. To complicate matters further, the parties vehemently accuse each other. Defense counsel swear that class counsel agreed to the use of motion sensors in lieu of lowering light switches at a December 2009 meeting, yet class counsel swear that they made no such agreement. Getting to the bottom of this mess would require live evidentiary hearings with testimony from counsel and possibly further remedial orders, and would extend this case for a considerable period.

**ANALYSIS**

Jurisdiction over this action expired along with the stipulated judgment on October 1, 2010. The plain language of the stipulated judgment and order dictates this holding. The stipulated judgment called for "continuing jurisdiction over this lawsuit for the length of this Stipulated Judgment and Order." The stipulated judgment originally was set to expire on May 1, 2010 (four years after its effective date) and was extended once through October 1, 2010. Significantly, this extension was ordered without additional provisions requested by class counsel which would have extended the judgment's terms and the deadline to file enforcement motions until December 3, 2010. Thus, the stipulated judgment (and jurisdiction over the action) would expire on October 1, 2010, unless a motion to extend or enforce the judgment was then pending.

4

The provision of the judgment allowing defendants to move to terminate jurisdiction on the grounds that they have reached full compliance enabled termination of jurisdiction *before* the built-in expiration date, but independently of any such motion jurisdiction was designed to evaporate on the appointed date. Class counsel had the explicit rights to inspect the work being done by defendants and to move "for an extension of the Stipulated Judgment to enforce any of its obligations" if class counsel believed such an extension was necessary. Class counsel, however, made no such motion. Accordingly, October 1 came and went, extinguishing both the effective period of the stipulated judgment and the period of mandatory jurisdiction over the action. *See Labor/Cmty. Strategy Ctr. v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1116–18 (9th Cir. 2009) (finding that consent decree language identical in pertinent part to the provision relevant here meant that the district court's jurisdiction over the decree was explicitly set to expire after the designated period of time).

Although the stipulated judgment provided that the Court might approve an extension of time for good cause shown, that option required that the motion be filed prior to expiration. This was not done.

We should step back and see the larger picture. *First*, a vast amount of good remedial work has occurred via the judgment, and both sides should be proud of that accomplishment. Defendants are in near-total compliance with the stipulated judgment and order. Defendants have completed a massive amount of renovations and improvements to comply with state and federal disability law. They have devoted an enormous sum of resources to this major undertaking, spending more than twice the amount of money required by the stipulated judgment and filing numerous reports that document the extensive work completed. If defendants have not achieved full, perfect compliance with the stipulated judgment and order, then they have complied substantially; the remaining disputes are small compared to the large good accomplished by the decree. *Second*, there is no unfairness in holding both sides to the terms of the judgment. Here, class counsel *was paid* by defendants to inspect and monitor the work undertaken pursuant to the stipulated judgment. Class counsel received numerous progress reports from defendants and from the access expert, and class counsel claim to have actively exercised their rights to inspect and

5

1  monitor defendants' work. If, as October 1 drew near, there were still punch list items, class
2  counsel should have identified this problem, drafted a motion to enforce or extend the stipulated
3  judgment, and filed that motion before the October 1 deadline passed.

4  The Court is disappointed that the four remaining issues were not timely raised. The
5  undersigned judge has invested considerable public resources in enforcing the judgment to date
6  and providing the class of students with the facilities they deserve. It would have been better to
7  end with perfection, but in these circumstances near-total compliance will have to do.

8  Class counsel, in their supplemental brief on this topic, make a variety of arguments as to
9  why jurisdiction persists. None is persuasive. *First*, class counsel state that "it is not correct that
10 the 'terms' of the Amended Stipulated Judgment were extended through October 1, 2010"
11 because the January 2010 order modifying the stipulated judgment "did not expressly address the
12 issue of the duration of the Court's jurisdiction under the terms of the stipulated judgment and
13 order" and "[i]t only addressed the Defendants' 'compliance deadline'" (Dkt. No. 919 at 1). This
14 statement is untrue. In addition to extending the compliance deadline, the January 2010 order
15 specifically provided that "[a]ll other *terms* of the amended stipulated judgment shall remain in
16 effect through October 1, 2010" (Dkt. No. 855 at 3) (emphasis added). These "terms" included
17 the jurisdictional provisions. *Second*, class counsel assert that if jurisdiction automatically
18 terminated on the same extended date by which defendants were required to comply, "there
19 would be no reasonable opportunity for Mr. Waters, Class Counsel, or the Court to review and
20 enforce those aspects of the judgment for which compliance is alleged to have been completed
21 near the end of the compliance period" (Dkt. No. 919 at 2). This statement is also untrue. As this
22 order already explained, class counsel had ample opportunity to monitor and inspect defendants'
23 work and to timely move for an extension of enforcement jurisdiction if necessary. *Third*, class
24 counsel argue that defendants' "conduct in filing their motion to terminate jurisdiction"
25 effectively concedes that jurisdiction did not expire on October 1, or, alternatively, invokes the
26 Court's jurisdiction (*ibid.* at 2–3). Not so. The motion acknowledges that "the effective and
27 binding term of the Judgment expired on October 1, 2010," so the motion was filed only out of an
28 abundance of caution (Dkt. No. 859 at 2). Finally, class counsel argue that even if mandatory

6

jurisdiction has lapsed, the Court may extend its jurisdiction under the terms of the judgment or under its own "inherent authority to enforce its own orders and to ensure compliance with them" (Dkt. No. 919 at 3–4). This argument flies in the face of the express terms of the judgment itself and is unsupported by our circuit authority.

## CONCLUSION

It would be unwise for all concerned to invest further in extensive fact proceedings and further remedial hearings only to learn later that all was for naught, given a lack of jurisdiction. Obligatory jurisdiction over this action expired on October 1, 2010. Whether or not a new remedial action could be brought by a new student with appropriate standing is not addressed by this order. This order holds that jurisdiction has ended and all pending motions are **DENIED AS MOOT**.

**THE CLERK SHALL CLOSE THE FILE.**

**IT IS SO ORDERED.**

Dated: January 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7